which the plaintiff was hurt in not finding some of the bars, which the plaintiff's evidence shows were in the yard, and using them in making up the train.   As the bars were not fixed appliances, but in the nature of portable tools, and such as the employees of the company were expected to hunt for in the yard and along the tracks, and as there were in the yard several times as many as were needed, and there is no evidence that they were in use, it seems to us that it was the duty of plaintiff's coemployees, who made up the train and operated it, to hunt for the bars until they found them, and then to use them, and that to attempt to run the cars without them, and thus expose the defendants' property and the lives of themselves and their coemployees to great danger, was negligence; if so, the plaintiff was injured by the negligence of his coemployee and cannot recover.

It is ordered that judgment be entered for the defendant, non obstanto veredicto.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

- *T. C. Jones*, with him *John F. Calhoun* and *George A. Johnston*, for appellant.

*W. B. Rodgers*, for appellee.

PER CURIAM, January 5, 1903 :

Judgment affirmed on the opinion of the court below on the point reserved.

---

## Wehrle's Estate.

*Executors and administrators—Distribution—Release—Laches.*

Where one of two executors voluntarily pays to a legatee a sum of money, taking from the legatee a release of her interest, and thereafter gives to the coexecutor a receipt and release for his own share of the estate, and for all other accounts, claims or demands whatever in connection with the same, and subsequently the legatee repudiates her release, and secures an order compelling the coexecutor as acting executor, to pay her the full

amount of her interest, and the other executor acquiesces in the legatee's claim, the latter executor cannot forty years after the death of the testator, and after the death of the coexecutor claim to recover from the latter's estate, the sum of money which he had paid to the legatee. He is estopped by his release, by the statute of limitations, by gross laches, and by acquiescence in the legatee's claim.

Argued Nov. 10, 1902. Appeal, No. 50, Oct. T., 1902, by Herrman Fischer, from decree of O. C. Allegheny Co., Nov. T., 1901, No. 76, dismissing exceptions to adjudication in estate of Francis J. Wehrle, Deceased. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Exceptions to adjudication. Before HAWKINS, P. J.

From the record it appeared that Stephen Fischer died in 1861, testate. He appointed Herrman Fischer and Francis J. Wehrle executors of his estate. An executors' account was filed in Allegheny county on April 18, 1862, but there was no audit. Instead, receipts and releases were taken from the distributees. Helena Weber, a daughter and legatee of the decedent, was paid $1,000 by Fischer and gave a receipt for her share of the estate, and released the executors. Thirty-five years after the account was filed she repudiated her release, and issued a citation calling upon the executors to pay her her distributive share of her father's estate. The orphans' court in 1898 awarded her one third of the balance shown by the account of 1862. The decision rested solely on her testimony that she understood little English and did not comprehend her release. The court further found that Wehrle was the acting executor, and charged him individually with the whole amount found due. Helena Weber testified that she had received in 1862 from Herrman Fischer, the coexecutor, $1,000.

Herrman Fischer claimed that this payment entitled him to subrogation, and that he now stands in Helena Weber's place, and can recover this amount from the Wehrle estate.

On July 22, 1874, Fischer gave Wehrle a receipt and release for his share of his father's estate, " and of and from any and all other sum or sums of money of, touching or concerning the estate of said Stephen Fischer, and of and from all accounts, reckonings, payments, suits, actions, accounts, claims and demands whatsoever for or concerning any matter, cause or thing whatsoever."

The court dismissed the claim. HAWKINS, P. J., filed the following opinion:

Herrman Fischer, acting on the suggestion thrown out by the Supreme Court in Wehrle's App., 189 Pa. 179, has come into this court asking appropriation of the credit allowed on the decree in favor of Mrs. Weber against Mr. Wehrle. What was said by the Supreme Court does not amount to an adjudication. If it had been thought that there was enough evidence of record that court would no doubt have made a decree accordingly, but it did not do so; and it must be assumed that the question of his right was left open for determination of this court.

Assuming that the Columbiana county, Ohio, conveyance was on account, it does not necessarily follow that Herrman Fischer is entitled to subrogation as against his coexecutor, Wehrle. Foremost in his way stands a release of all claims against the estate.

Nearly forty years have elapsed since its date without, so far as appears, any claim having been made by him of subrogation. In his answer to Mrs. Weber's petition by admitting her claim he impliedly concedes that he has none; and his subsequent conduct in that proceeding is in entire harmony with that concession. He made direct claim for his own share under the will, but to nothing through Mrs. Weber. He made no denial of her assertion of failure of his title to the Columbiana county property and consequent failure of consideration. If he had asserted a claim in opposition to Mrs. Weber in the first instance, the whole matter could and should have been disposed of at once. Were Mr. Wehrle living now, the disadvantage of raising another issue would be obvious; having died, the disadvantages to his representatives are greatly increased; for they are not likely to know of the actual condition of affairs : Bentley's App., 99 Pa. 500. There is nothing in the case which calls for the interference of a chancellor.

" Courts of equity will sometimes refuse to grant relief, although the statute of limitations cannot be pleaded in bar, and although presumptions cannot arise from lapse of time, or may be conclusively rebutted. In such cases they proceed upon the ground that public convenience will not allow old and stale claims to be investigated, when many of the parties and

witnesses are dead or their memories impaired, or vouchers lost. And so, acquiescence in a transaction may bar a party of his relief in a very short period. Thus if one has knowledge of an act, or it is done with his full approbation, he cannot afterward have relief.. He is estopped by his acquiescence and cannot undo what has been done. So if a party stands by and sees another dealing with property in a manner inconsistent with his rights, and makes no objections, he cannot afterward have relief. His silence permits or encourages others to part with their money or property, and he cannot complain that his interests are affected. His silence is acquiescence and estops him:" Perry on Trusts, secs. 869, 870.

Here Herrman Fischer not only made no claim in his own behalf for nearly forty years, but actively aided and abetted the inconsistent claim made by Mrs. Weber; he had his day in court and, having misled Wehrle, to his injury, there can be no returning footsteps. He is estopped by his release, by the statute of limitations, by gross laches and by acquiescence in Mrs. Weber's claim. On the other hand it would be a hardship at this late day to call on Wehrle's personal representatives, who have not the advantage which he would have had, to answer this, which is certainly an inconsistent claim.

It seems clear, therefore, that Fischer has no equity to relief.

*Error assigned* was the decree of the court.

*William A. Golden*, with him *A. V. D. Watterson* and *A. B. Reid*, for appellant.

*Frank Penrose Sproul*, with him *Thomas M. Marshall, Jr.*, for appellee.

Per Curiam, January 5, 1903:
The decree is affirmed on the opinion of Judge Hawkins.