**80**

BIXBY et al. v. CHRIS CRAFT
CORPORATION.

MORGAN et al. v. SAME.
Nos. 3491, 3496.

District Court, E. D. Michigan, S. D.
July 10, 1946.

Clark, Klein, Brucker & Waples, of Detroit, Mich., for plaintiffs.

Kerr, Lacey & Scroggie, of Detroit, Mich., for defendant.

PICARD, District Judge.

Defendant has moved for judgment non obstante veredicto and also for a new trial. The main question, however, is directed towards the judgment non obstante on the theory that during the trial and to meet the evidence the court permitted an amendment to the bill of complaint that introduced a new cause of action which was barred by the statute of limitations.

The theory of defendant is not without merit.

Unquestionably plaintiffs originally based their action upon the ground that defendant had constructed a motor boat in such a manner that it was dangerous and not according to the accepted design of this type of water craft then being built. It developed at the trial, however, that while the court could and probably would have directed a verdict for defendant on the evidence, which overwhelmingly proved that the original construction of this motor boat was according to the best and accepted manner established and approved by qualified engineers, progress had been made between the time of its construction in 1929 and 1933 which rather revolutionized and made obsolete to some extent the construction of boats in 1929.

The evidence also showed that defendant had repossessed this motor boat in 1933 when improvements that might have eliminated the dangers allegedly inherent in the original construction had been cured by later designs, and while failing to make these improvements, defendant nevertheless resold the boat as originally constructed.

The court permitted plaintiffs to amend so that the question of defendant's negligence in failing to make the alleged necessary changes to avoid possibilities of danger was presented to the jury. By this time the statute of limitations had run against that particular alleged tort. Thus defendant claims that the court permitted plaintiffs to introduce a new cause of action.

We are unable to agree with this for the following reasons:

█ In the first place the bill of complaint is very extensive. It doesn't limit the action to the originally built boat in 1929 and read broadly, it would not have been necessary for plaintiffs to amend at all in order that evidence presumably included by virtue of the amendment be admissible. Defendant was charged with "selling and marketing" and no dates were mentioned.

In addition the amendment does not set forth a new cause of action but was merely an amplification of the old. As stated in

Tiller v. Atlantic Coast Line Railroad Co., 323 U. S. 574, 65 S.Ct. 421, 424, 89 L.Ed. 465: "The effect of the amendment here was to facilitate a fair trial of the existing issues between plaintiff and defendant." and also our own Court of Appeals in Blair et al., v. Durham, 6 Cir., 134 F.2d 729, 731, said—"An amendment does not set up a new cause of action so long as the cause of action alleged grows out of the same transaction and is basically the same or is identical in the essential elements upon which the right to sue is based and upon which defendant's duty to perform is alleged to have arisen. As long as a plaintiff adheres to a legal duty breached or an injury originally declared on, an alteration of the modes in which defendant has breached the legal duty or caused the injury is not an introduction of a new cause of action. The true test is whether the proposed amendment is a different matter or the same matter more fully or differently laid."

■ We are also moved to permit the amendment and to hold with plaintiffs because in the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, a more generous interpretation is given aimed at permitting amendments than under state rules, and on this point Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487 is not applicable since it refers to substantive law. This is procedural.

In Barthel v. Stamm, 5 Cir., 145 F.2d 487, 491, the court said—"When a suit is filed in a federal court under the Rules, the defendant knows that the whole transaction described in it will be fully sifted, by amendment if need be, and that the form of the action or the relief prayed or the law relied on will not be confined to their first statement. So long as the amendment is of the sort described in the above quoted Rule it is within the scope of the original suit and a part of it."

See also Fed. Rule 15 (b) and White v. Holland Furnace Co., Inc., D. C., 31 F. Supp. 32, 34, which latter states—"The new rules have adopted the words 'claim' or 'claim for relief' in place of the term 'cause of action,' which shows an attempt to avoid the concept of that term adopted by some courts prior to the rules."

While this explanation is not necessary the court feels that it may be of some aid.

The other matters are disposed of without opinion and an order denying the motions for a new trial and for judgment notwithstanding the verdict may be presented for our signature.