## McCORD et al. v. ATLANTIC COAST LINE R. CO.

### No. 12994.

United States Court of Appeals
Fifth Circuit.

Dec. 12, 1950.

G. Ernest Jones, Birmingham, Ala., J. R. Terrell, Jr., LaGrange, Ga., for appellants.

Daniel MacDougald, Jr., Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and SIBLEY, Circuit Judges.

SIBLEY, Circuit Judge.

The minor children of Mrs. Inez McCord, by their father and guardian, sued under the Georgia Statutes for the death of Mrs. McCord while she was riding as a pay passenger in a public taxicab which collided with a passenger train of the Atlantic Coast Line Railroad Company at a street crossing in the City of LaGrange, Georgia. Both the owner of the taxicab and the Railroad Company were sued, charged with concurring negligence in the operation of their several vehicles. The Railroad Company admitted the collision but denied any negligence on its part, alleging it was solely due to negligence of the driver of the taxicab. It also pleaded that Mrs. McCord was herself negligent in not warning the driver of the approach

of the train which was plainly apparent to her; and in entering the taxicab and permitting its operation by the driver who had consumed intoxicants, a fact apparent to her in the exercise of ordinary care, such negligence on her part being a proximate contributing cause of her death. The owner of the taxicab in his answer denied any negligence on the part of his driver, and alleged the fault was in the Railroad Company in the operation of its train. On full evidence the case went to the jury which found a verdict against the owner of the taxicab for $20,000.00 damages, and in favor of the Railroad Company. After denying plaintiff's motion for a new trial the trial judge approved the verdict and judgment was entered accordingly. No appeal has been taken from the judgment against the owner of the taxicab, but plaintiffs appeal only from the portion of the verdict and judgment in favor of the Railroad Company.

██ 1. Error is specified and argued in that the court below overruled the motion for a new trial on grounds specified. The action of the trial judge on a motion for new trial is an exercise of his discretion not ordinarily reviewed by us on appeal. It is mainly urged here that the weight of the evidence is so clearly against the verdict as to show bias, prejudice or other improper motive, requiring the grant of a new trial. The plaintiffs made no motion for an instructed verdict against the Railroad Company. The Railroad Company made such a motion for a verdict in its favor, which was overruled. The issues as to the negligence of the Railroad Company, and if there was negligence whether it proximately contributed to the injury, were submitted to the jury in a full and fair charge. The evidence is in conflict as to the speed of the train, but the jury could believe the testimony of the train crew that the speed was moderate, that two torpedoes were run over a quarter of a mile from the crossing, that the whistle was sounded, and that speed was then reduced to 8 or 10 miles per hour; that it was daylight though train lights and auto lights were still burning; that the view of the

train and taxicab of each other was unobstructed for more than a hundred feet from the crossing, the taxicab running 15 to 20 miles per hour and able to stop in ten feet; that the fireman saw it and expected it to stop, and as soon as he saw it was not going to stop he shouted to the engineer who was on the other side of the engine, but both engine and car were then entering the crossing. Another passenger in the taxicab sitting on the seat by the driver saw the train a hundred feet from the crossing, thought of course the taxicab running at a moderate speed, would stop, but it ran right up on the track in front of the engine. It is true that a city ordinance forbade the train crossing at a speed "exceeding eight miles per hour", and the trainmen's testimony of "8 or 10 miles per hour" would permit a finding of excessive speed, but there would still be the fact question as to the true proximate cause of the injury and whether a slight excess in speed really contributed. There can be no doubt that the main, preponderating cause was the act of the driver, whether intoxicated or just negligent, in going upon the track in front of an approaching train in plain view. Compare Van Allen v. Atlantic Coast Line R. R. Co., 5 Cir., 109 F.2d 780. We do not think it appears that the jury acted from bias or prejudice. Under the limitations imposed on federal appellate courts by the Seventh Amendment touching facts found by a jury, we do not feel authorized to interfere with this verdict.

██ 2. Error is specified in that the court submitted to the jury a question of Mrs. McCord's negligence, over an objection that "the rule of contributory negligence on the part of the deceased would not be applicable to her if the deceased were the party plaintiff herself". The objection was not well taken. The Georgia Code, §§ 94-703, 105-603, makes the contributory negligence of a plaintiff proper to be considered, when pleaded, not in bar, as at common law, but in reduction of damages in proportion to the amount of default attributable to the plaintiff. It is conceded that the plaintiffs here stand in the shoes of the deceased Mrs. McCord. The trial judge

properly instructed the jury on the point. There was some evidence that the driver of the taxicab smelled like whiskey and appeared to be under the influence of it immediately after the accident, and that Mrs. McCord had been the first to enter the cab and sat just behind him, and made no protest. The duty of a passenger to protest where a prudent person would, though not in charge of the vehicle driven by a manifestly imprudent or disqualified driver, is recognized in Russell v. Bayne, 45 Ga.App. 55, 56, 163 S.E. 290, and Eddleman v. Askew, 50 Ga.App. 540, 179 S.E. 247. The evidence of any default on Mrs. McCord's part though slight, justified submission of the issue; but apparently none was charged to her by the jury, for the damages given against the owner of the taxicab seem to be full, and the verdict for the Railroad Company is not for reduced damages, but complete exoneration.

3. Error is specified in the court's sustaining objections to several interrogations propounded by the plaintiffs to the Railroad Company under Rule 33 of Federal Rules of Civil Procedure, 28 U.S.C.A., on the ground that the matters enquired for were plainly not facts within the corporation's knowledge and that answers would have to be mere hearsay or expressions of opinion. Prior questions which were permitted and answered related to the corporate existence, the physical aspects of the tracks and street at the crossing, the make-up and operation of the train on schedule at an hour stated, the names and addresses of the employees on the train, and the fact and hour of the collision. The questions suppressed and not answered related to details of the collision, such as the point at which employees first saw the taxicab, the distance, what the engineer saw and did, and what the fireman saw and did, the speed of the train at numerous points, and many other details which only the train crew could know. The trial court properly held that the corporation did not have to testify as to its information or opinion on these matters. If advance information was desired the train crew whose names and addresses were furnished ought to have been interrogated by deposition.

4. It is contended that the court erred in refusing a request to instruct the jury that the negligence of the taxicab driver is not imputable to Mrs. McCord. No written request was made. Nor was any distinct oral request made, counsel merely saying in excepting to the charge given: "The plaintiffs further respectfully insist that if the driver of the taxicab was negligent, and we insist that he was negligent, that ordinarily the negligence of the taxicab driver, the taxicab company being a common carrier in this case, would not ordinarily be imputable to the deceased who was then and there an occupant of the taxicab, and she was under no duty to maintain or keep any watch-out or vigilance until a danger became apparent to her". The charge had told the jury that the acts and negligence of the driver were imputable to his employer. No one appears to have contended, nor had the court said they were imputable to Mrs. McCord. In overruling the motion for new trial which included this objection as a ground, the judge said: "While it is true that in Georgia the negligence of the driver of a public conveyance is not imputable to the passenger, and of course it is not error so to charge the jury, it is not erroneous where no specific request is clearly made to fail to charge this principle where the charge contains no intimation directly or indirectly that the passenger's right of recovery against a tortfeasor would be in any way restricted as a result of the negligence of the driver of the public conveyance". We have not here a case of request, oral or in writing, to make a specific charge which was refused, but rather a mere statement of a legal principle which court and counsel seem to have recognized. So did the jury, for if the driver's manifest negligence had been imputed to Mrs. McCord she could not have recovered against anyone.

Finding no reversible error in the trial, The judgment is affirmed.