**Mrs. Truehart E. SMITH, as Widow of Truehart E. Smith, Deceased, Plaintiff,**

v.

**PIPER AIRCRAFT CORPORATION, a body corporate, Defendant.**

Civ. A. No. 4072.

United States District Court
M. D. Pennsylvania.
Aug. 16, 1955.

Enoch H. Thomas, Jr., Wilkes-Barre, Pa., Harsh, Glasser & Lankford, Birmingham, Ala., Robert Kunzig (of Clark, Ladner, Fortenbaugh & Young), Philadelphia, Pa., William D. Denson, Washington, D. C., for plaintiff.

Edward W. Warren (of Harris, Warren, Hill & Henkelman), Scranton, Pa., for defendant.

London & Yancey, Birmingham, Ala., for intervenor.

MURPHY, Chief Judge.

In this diversity action plaintiff of Alabama seeks damages under a Georgia statute from defendant manufacturer, a Pennsylvania corporation, for the wrongful death of her husband in an airplane crash in Georgia. The airplane, a Piper Pacer PA manufactured by defendant in this district, was purchased by Truehart E. Smith as president of Smith Way, Inc., from the Southern Airways Co., a duly licensed distributor of defendant's products in Birmingham, Alabama. Within ten days thereafter, with Smith as pilot accompanied by two invited guests— Jones and Fowler—the plane while in flight crashed to earth, demolishing the plane, killing all three occupants. In support of her claim plaintiff alleged (a) breach of warranty: that the aircraft was free from defects of material and workmanship and fit to operate safely in flight with a reasonably competent pilot under reasonable flight conditions. While the airplane was being so operated the right aileron, having been improperly attached and secured to the right wing,

became detached and as a proximate result thereof the plane crashed. Such defect was not visible and could not have been discovered by plaintiff or plaintiff's husband by reasonable inspection. (b) Negligence: the aircraft was manufactured of defective material and so negligently manufactured and assembled as to render it unsafe to fly. Such negligence was unknown to plaintiff or plaintiff's husband but the defendant knew or, by the exercise of reasonable diligence, should have known thereof.[1]

Defendant denied making any warranty or breach thereof; denied being negligent and as an affirmative defense asserted that the plane should not have been aloft under existing weather conditions; assumption of risk; that Smith was not competent to operate the plane under the prevailing circumstances, and that such negligence was the proximate cause of the accident.[2]

Plaintiff moved to strike the affirmative defense, considered hereafter, and, without first seeking permission of the court, after the statute of limitations had run, filed an amended complaint asserting defendant was negligent in and about the manufacture, construction, testing, design, and inspection of the airplane.[3] Defendant objects to the amendment on the ground that plaintiff thereby seeks to assert a new cause of action.

■■■ This being a diversity case we look to Pennsylvania law to determine the substantive rights and obligations of the parties. Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, at page 78, 58 S.Ct. 817, 82 L.Ed. 1188, including the Pennsylvania conflict of law rules since the operative facts occurred in Georgia. Klaxon Co. v. Stentor Electric Mfg. Co., Inc., 1941, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477; Moran v. Pittsburgh-Des Moines Steel Co., 3 Cir., 1948, 166 F.2d 908, at page 910; Boyle v. Ward, 3 Cir., 1942, 125 F.2d 672, at page 673. Under Pennsylvania law the law of the place where the injury was sustained [4]—the lex loci delicti—determines whether a right of action exists. It is Georgia law which prescribes the standard of care that the defendant must have observed. Foley v. Pittsburgh-Des Moines Co., 1949, 363 Pa. 1, at page 9, 68 A.2d 517.

A Pennsylvania or a Georgia court would apply and follow the doctrine enunciated in the Restatement of Torts, §§ 395 and 398; see Foley v. Pittsburgh-Des Moines Co., supra, 363 Pa. at pages 29, 30, 68 A.2d at pages 530, 531; Simmons Co. v. Hardin, 75 Ga.App. 420, 43 S.E.2d 553.

§ 395. "Negligent Manufacture of Chattel; Dangerous Unless Carefully Made. A manufacturer who fails to exercise reasonable care in the manufacture of a chattel which, unless carefully made, he should recognize as involving an unreasonable risk of causing substantial bodily

1. In three companion cases (Jones v. Piper Aircraft Corp., D.C., 18 F.R.D. 181; Fowler v. Piper Aircraft Corp., Civil Action No. 4074, Smith Way, Inc., v. Piper Aircraft Corp., Civil Action No. 4075, the widow of Jones, the widow of Fowler, and the corporate owner of the plane make similar claims: Smith Way, Inc., expressed and implied warranty; the others implied warranty. In Jones and Fowler, negligence in and about the manufacture, construction and inspection of the airplane; in Smith Way, manufacture and assembly of the aileron.

2. In the other cases: that the passengers were negligent in riding with Smith under the circumstances; that Smith Way, Inc., was negligent in permitting him to operate under existing conditions.

3. And to state that Smith in making the purchase acted as the agent of Smith Way, Inc.

4. As distinguished from the place of incipient negligence, Restatement, Conflict of Laws, § 391–397; Anderson v. Linton, 7 Cir., 1949, 178 F.2d 304, at page 308; Hunter v. Derby Foods, Inc., 2 Cir., 1940, 110 F.2d 970, at pages 971, 977, 133 A.L.R. 255; Hickman v. Taylor, D.C.E.D.Pa., 75 F.Supp. 528, 533, affirmed 3 Cir., 1948, 170 F.2d 327; Cf. Vrooman v. Beech Aircraft Corp., 10 Cir., 1950, 183 F.2d 479, at page 480.

harm to those who lawfully use it for a purpose for which it is manufactured and to those whom the supplier should expect to be in the vicinity of its probable use, is subject to liability for bodily harm caused to them by its lawful use in a manner and for a purpose for which it is manufactured.

"Comment: *a. When inspections and tests necessary.* As heretofore pointed out (§ 298, Comment a), the precaution necessary to comply with the standard of reasonable care varies with the danger involved. Consequently the character of harm likely to result from the failure to exercise care in manufacture affects the question as to what is reasonable care. It is reasonable to require those who make or assemble automobiles to subject the raw material, or parts, procured from even reputable manufacturers, to inspections and tests which it would be obviously unreasonable to require of a product which, although defective, is unlikely to cause more than some comparatively slight, though still substantial, harm to those who use it. * * *

"*c. Particulars which require care.* A manufacturer is required to exercise reasonable care in manufacturing any article which, if carelessly manufactured, is likely to cause more than trivial harm to those who use it in the manner for which it is manufactured. The particulars in which reasonable care is usually necessary for protection of those whose safety depends upon the character of chattels are, (1) the adoption of a formula or plan which, if properly followed, will produce an article safe for the use for which it is sold, (2) the selection of material and parts to be incorporated in the finished article, (3) the fabrication of the article by every member of the operative staff no matter how high or low his position therein, (4) making such inspections and tests during the course of manufacture and after the article is completed as the manufacturer should recognize as reasonably necessary to secure the production of a safe article, and (5) the packing of the article so as to be safe for those who must be expected to unpack it.

"Comment: The exercise of reasonable care in selecting raw material and parts to be incorporated in the finished article usually requires something more than a mere inspection of the material and parts. A manufacturer should have sufficient technical knowledge to select such a type of material that its use will secure a safe finished product. So too, a manufacturer who incorporates a part made by another manufacturer into his finished product should exercise reasonable care to ascertain not only the material out of which the part is made but also the plan under which it is made. He must have sufficient technical knowledge to form a reasonably accurate judgment as to whether a part made under such a plan and of such material is or is not such as to secure a safe finished product. The part is of his own selection, and it is reasonable for the users of the product to rely not only upon a careful inspection but sufficient technical knowledge to make a careful inspection valuable in securing an article safe for use. In all of these particulars the amount of care which the manufacturer must exercise is proportionate to the extent of the risk involved in using the article if manufactured without the exercise of these precautions. Where, as in the case of an automobile or high-speed machinery or high-voltage electrical devices, there is danger of serious bodily harm or death unless the article is substantially perfect, it is reasonable to require the manufacturer to exercise almost meticulous precau-

tions in all of these particulars in order to secure substantial perfection. * * *

"d. *Ambit of liability.* The words 'those who lawfully use the chattel' include not only the vendee but also all persons whose right or privilege to use the article is derived from him, unless the nature of the article or the conditions of the sale make it improbable that the article will be resold by the vendee or that he will permit others to use it or to share in its use. Unless the article is made to special order for the peculiar use of a particular person, the manufacturer must realize the chance that it may be sold. This becomes a substantial certainty where the article is sold to a jobber, wholesaler or retailer. So, too, many articles are obviously made for the use of several persons or are sold under conditions which make it certain that they will be used by persons other than the purchaser. Thus, the manufacturer of a seven-seated automobile which is obviously intended to carry persons other than the purchaser and his chauffeur should recognize it as likely to be used by any persons whom, as members of his family, guests or pedestrians picked up on the road, the purchaser chooses to receive in his car. * * *

"The words 'those who lawfully use the chattel' include, therefore, all persons whom the vendee * * * permits to use the article irrespective of whether they do so as his servants, as passengers for hire or otherwise, to serve his business purposes or as gratuitous licensees permitted to use a car purely for their own benefit. * * *"

§ 398. "Chattel Made Under a Dangerous Plan or Design. A manufacturer of a chattel made under a plan or design which makes it dangerous for the uses for which it is manufactured is subject to liability to others whom he should expect to use the chattel lawfully or to be in the vicinity of its probable use for bodily harm caused by his failure to exercise reasonable care in the adoption of a safe plan or design.

"Comment: a. The rule stated in this Section, like that stated in § 397, is a special application of the rule stated in § 395.

"b. *When dangerous plan or design known to user.* If the dangerous character of the plan or design is known to the user of the chattel, he may be in contributory fault, if the risk involved in using it is unreasonably great or if he fails to take those special precautions which the known dangerous character of the chattel require."

"Cause of action" is a term of "shifting meanings" according to context. United States v. Memphis Cotton Oil Co., 1933, 288 U.S. 62, at page 67 et seq., 53 S.Ct. 278, at page 280, 77 L.Ed. 619; United States v. Dickinson, 1947, 331 U.S. 745, 748, 67 S.Ct. 1382, 91 L.Ed. 1789. In its place the Federal Rules of Civil Procedure, 28 U.S.C., use "claim" or "claim for relief" to escape from the welter of decisions concerning cause of action. See 2 Moore's Federal Practice, 2d Ed., § 2.06, p. 359; 1 Barron & Holtzoff Federal Practice and Procedure, § 448, p. 909–910; Vol. 6, Cyclopedia of Federal Procedure, § 18.20, p. 183, § 18.-48, p. 236; White v. Holland Furnace Co., Inc., D.C.S.D.Ohio, 31 F.Supp. 32, at page 34; Boerkoel v. Hayes Mfg. Co., D.C.W.D.Mich., 76 F.Supp. 771, at pages 776, 777; Original Ballet Russe Ltd. v. Ballet Theatres, Inc., 2 Cir., 1943, 133 F.2d 187, 189, "It is used to denote the aggregate of operative facts which give rise to a right enforceable in the courts".

Rule 15 provides "(a) * * * Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so re-

quires. * * * (c) Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

■ Plaintiff's claim arises under a Georgia statute (Georgia Code a. § 105–1301, Acts 1887, pp. 43, (45). b. § 105–1302, Acts 1850, Cobb, 476; Acts 1855–6, p. 155; Acts 1878–9, p. 59, 1924, p. 60. c. § 105–1308, Acts 1887, pp. 43, (45), which allows damages for wrongful death caused by defendant's negligence. See Queen v. Patent Scaffolding Co., 1933, 46 Ga.App. 364, 167 S.E. 789; Woodward v. Miller & Karwisch, 119 Ga. 618, 46 S.E. 847, 64 L.R.A. 932. In asserting a violation of duty plaintiff charged defendant with a breach of warranty,[5] negligent manufacture and assembly, use of defective material, and that the plane was not fit to fly. The manufacturer's duty as defined in §§ 395 and 398 of the Restatement of Torts, supra, embraces the necessity of having a proper plan or design and of making necessary tests and inspections. The proposed amendment more adequately states, amplifies and defines the manner in which defendant violated its duty and the asserted cause of the wrong suffered by the plaintiff. Obviously it arose out of the same "conduct, transaction or occurrence * * * attempted to be set forth in the original pleading". Leave to amend should be freely given when justice so requires,[6] especially so when the defendant has had notice of the general nature of plaintiff's claim from the

beginning. Under the rule the amendment relates back to the date of the original pleading.

Even under the concept "cause of action" the amendment should be allowed. Cf. Tiller v. Atlantic Coast Line R. Co., 1945, 323 U.S. 574, at page 581, 65 S.Ct. 421, at page 424, 89 L.Ed. 465, "The cause of action now, as it was in the beginning, is the same—it is a suit to recover damages for the alleged wrongful death of the deceased. * * * There is no reason to apply a statute of limitations when, as here, the respondent had notice from the beginning that petitioner was trying to enforce a claim against it because of the events leading up to the death of the deceased. * * * " And see New York Central & H. R. R. Co. v. Kinney, 1922, 260 U.S. 340, at page 346, 43 S.Ct. 122, 67 L.Ed. 294; Friederichsen v. Renard, 1918, 247 U.S. 207, at page 210, 38 S.Ct. 450, at page 451, 62 L.Ed. 1075, "The cause of action is the wrong done * * *." Seaboard Air Line Ry. v. Renn, 1916, 241 U.S. 290, at page 293, 36 S.Ct. 567, at page 568, 60 L.Ed. 1006, "If the amendment merely expanded or amplified what was alleged in support of the cause of action already asserted, it related back * * *." It does not matter that the designing occurred in a different department. See Maty v. Grasselli Chemical Co., 1938, 303 U.S. 197, at page 200, 58 S.Ct. 507, 82 L.Ed. 745.

■■ We reach the same result under the rules. See Bixby v. Chris Craft Corp., D.C.E.D.Mich., 7 F.R.D. 80; Boerkoel v. Hayes Mfg. Co., supra, 76 F. Supp. 771; Borup v. National Airlines,

---

5. As to which see Texas Motorcoaches, Inc., v. A. C. F. Motors Co., 3 Cir., 1946, 154 F.2d 91; Mannsz v. Macwhyte Co., 3 Cir., 1946, 155 F.2d 445, at page 449; Birdsong v. General Motors Corp., D.C. E.D.Pa., 99 F.Supp. 163; Vrooman v. Beech Aircraft Corp., 10 Cir., 1950, 183 F.2d 479.

6. See Wilson v. Lamberton, 3 Cir., 1939, 102 F.2d 506, at page 507; Canister Co. v. Leahy, 3 Cir., 1951, 191 F.2d 255, at

page 257; Kerrigan's Estate v. Joseph E. Seagram & Sons, Inc., 3 Cir., 1952, 199 F.2d 694, at page 696; Fierstein v. Piper Aircraft Corp., D.C.M.D.Pa., 79 F. Supp. 217, at page 218; as to the manner of pleading, see Messelt v. Security Storage Co., D.C.Del., 14 F.R.D. 507, at page 512, and ruling thereon; see and cf. Copeland Motor Co. v. General Motors Corp., 5 Cir., 1952, 199 F.2d 566, at page 568.

Inc., D.C.S.D.N.Y., 117 F.Supp. 475, at page 476; Blair v. Durham, 6 Cir., 1943, 134 F.2d 729, at page 731. An alteration of the modes in which defendant has breached the legal duty or caused the injury is not an introduction of a new cause of action, Brown v. New York Life Ins. Co., D.C.N.J., 32 F.Supp. 443, at page 444. Similarly where there is a change in legal theory, Kimball v. Thompson, D.C.Neb., 70 F.Supp. 803, at page 815; Snyder v. Dravo Corp., D.C. W.D.Pa.1947, 6 F.R.D. 546, at page 551; International Ladies' Garment Workers' Union v. Donnelly Garment Co., 8 Cir., 1941, 121 F.2d 561, at page 563; Popovitch v. Kasperlik, D.C.W.D.Pa.1947, 76 F.Supp. 233, at pages 238–239; Bowles v. Tankar Gas Inc., D.C.Minn., 5 F.R.D. 230, at page 235; Heay v. Phillips, 9 Cir., 1952, 201 F.2d 220, at page 222. There is no rule of law which freezes the further development of the case within the limits of plaintiff's knowledge when she filed the complaint. Bowles v. Pure Oil Co., D.C.E.D.Pa., 5 F.R.D. 300, at page 303.

Relying upon Erie R. Co. v. Tompkins, supra, and its progeny,[7] defendant argues that whether or not an amendment should be allowed must be determined by standards established by the law of Pennsylvania.[8] One possible answer is that Rule 15 with its broadening tendencies has the force and effect of a statute. See Barkman v. Sanford, 5 Cir.,

7. Guaranty Trust Co. v. York, 326 U.S. 99, at pages 108, 110, 65 S.Ct. 1464, at page 1470, 89 L.Ed. 2079. A federal court in a diversity case is in effect only another court of the state. "As to consequences that * * * intimately affect recovery or nonrecovery [it] * * * should follow State law"; Angel v. Bullington, 1947, 330 U.S. 183, at page 191, 67 S.Ct. 657, at page 662, 91 L.Ed. 832, "* * * and state policy"; Cohen v. Beneficial Industrial Loan Corp., 1949, 337 U.S. 541, at page 555, 69 S.Ct. 1221, at page 1230, 93 L.Ed. 1528, "* * * in all except details related to its own conduct of business"; Ragan v. Merchants Transfer & Warehouse Co., 1949, 337 U.S. 530, at page 533, 69 S.Ct. 1233, at page 1235, 93 L.Ed. 1520, "To find the cause of action on which suit is brought * * It carries the same burden and is subject to the same defenses * * *. Where local law qualifies or abridges it, the federal court must follow suit." And see Myers v. Slotkin, D.C.E.D.N.Y., 13 F.R.D. 191.

8. *Accord:* See and cf. Vol. 1, Barron & Holtzoff, supra, § 448, p. 903, citing 9 University of Chicago L.Rev. 124; 6 Cyclopedia Federal Procedure, supra, § 18.-52, p. 247, citing 34 Ill.L.Rev. 765; Petsel v. Chicago, B. & Q. R. Co., 8 Cir., 1953, 202 F.2d 817, at page 820, "* * state prescriptions of procedure which do not exhaust their effect as mere procedural regulation but are made to have a substantive significance or consequence by a use of them to condition, limit or enlarge the recovery right as a matter of fixed and uniform result must necessarily, we think, be allowed to have that substantive significance or consequence in diversity cases brought into the federal courts." Nola Electric Co., Inc., v. Reilly, D.C.S.D.N.Y.1949, 93 F.Supp. 164, at page 172.

*Contra:* Vol. 1, Barron & Holtzoff, supra, § 444, p. 877; Bixby v. Chris Craft Co., supra, 7 F.R.D. 80; Robert W. Irwin Co. v. Sterling, Inc., D.C.Mich., 14 F.R.D. 250, 255; Moore v. Illinois Central R. Co., D.C.Miss., 24 F.Supp. 731, 733; Schaad v. New York Life Ins. Co., D.C.Tenn., 79 F.Supp. 463, at page 468; Michelsen v. Penney, 2 Cir., 1943, 135 F.2d 409, at page 417, footnote 4; 3 Moore, op. cit. supra, § 15.08, p. 831, § 15.15, p. 853; Barthel v. Stamm, 5 Cir., 1944, 145 F.2d 487, at page 491, "* * the Rules validly fix the potential scope of a petition in a federal court which identifies a claim, and the relation of an amendment which amplifies and further explains the transaction out of which the claim arises, for these things are procedural." Overfield v. Pennroad Corp., D.C.E.D.Pa., 39 F.Supp. 482; Shelton v. Seas Shipping Co., D.C.E.D. Pa., 75 F.Supp. 195, at page 201, relying upon American Steamboat Co. v. Chase, 16 Wall. 522, at page 534, 83 U.S. 522, at page 534, 21 L.Ed. 369; Howe v. Haterius, 8 Cir., 1933, 66 F.2d 835, at page 837; Tozer v. Charles A. Krause Milling Co., 3 Cir., 1951, 189 F.2d 242, at page 245; Isaacks v. Jeffers, 10 Cir., 1944, 144 F.2d 26, at page 28, certiorari denied 1944, 323 U.S. 781, 65 S.Ct. 270, 89 L.Ed. 624.

1947, 162 F.2d 592, 593, but see 2 Moore, 2d Ed., 1.04(4), 1.04(1). Substantive rights are not to be affected. Washington-Southern Navigation Co. v. Baltimore & Philadelphia Steamboat Co., 263 U.S. 629, at pages 632, 635, 44 S.Ct. 220, 68 L.Ed. 480; Dowling v. Isthmian S. S. Corp., 3 Cir., 1950, 184 F.2d 758 at pages 773, 774. Our problem is simplified, cf. Ackerley v. Commercial Credit Co., D.C.N.J., 111 F.Supp. 92, at page 96, because in our judgment a Pennsylvania court would allow the amendment. "The time has long since gone by when the rights of a litigant are to be measured solely by the skill of the pleader." Davis v. Investment Land Co., 1929, 296 Pa. 449, at page 455, 146 A. 119, at page 121, and see Arner v. Sokol, 373 Pa. 587, at page 592, 96 A.2d 854. Each case must be considered in the light of its own peculiar facts. McCullough v. Philadelphia Rapid Transit Co., 1915, 61 Pa.Super. 384, at page 388. "The cardinal rule * * * is that the amendment must not introduce a cause of action substantially different", Erie City Iron-Works v. Barber, 118 Pa. 6, at page 18, 12 A. 411, at page 413. Garvin v. Diamond Coal & Coke Co., 1924, 278 Pa. 469, at page 474, 123 A. 468, cites with approval Seaboard Air Line Ry. v. Renn, supra, 241 U.S. 290, 36 S.Ct. 567; Rooney v. Maczko, 1934, 315 Pa. 113, at page 117, 172 A. 151, the teaching of New York Central & H. R. R. Co. v. Kinney, supra and United States v. Memphis Cotton Oil Co., supra. An amendment restating the cause of action in different form was approved in Stoner v. Erisman, 1903, 206 Pa. 600, at page 601, 56 A. 77, and in Knapp v. Hartung, 1873, 73 Pa. 290, at page 294,

where the amendment pointed out additional modes and more fully described the manner in which the defendant committed the trespasses. See and cf. Herbstritt v. Lackawanna Lumber Co., 1905, 212 Pa. 495, at page 499, 61 A. 1101; Laritza v. Pennsylvania Power Co., 1932, 106 Pa.Super. 587, 162 A. 333. "The basis of plaintiff's claim is an injury he received by reason of defendant's want of care under the circumstances. By his amendment plaintiff changed the description of one of the circumstances, but did not thereby alter the identity of his cause of action, i. e., substantially change the basis of his recovery right." Rooney v. Maczko, supra, 315 Pa. at page 118, 172 A. at page 153.

Defendant cites and relies upon Mahoney v. Park Steel Co., 1907, 217 Pa. 20, 66 A. 90; Martin v. Pittsburg Rys. Co., 1910, 227 Pa. 18, 75 A. 837, 26 L.R. A.,N.S., 1221; Mays v. United Natural Gas Co., 1920, 268 Pa. 325, 112 A. 22; Cox v. Wilkes-Barre Ry. Corp., 334 Pa. 568, 6 A.2d 538, and Shenandoah Borough v. City of Philadelphia, 1951, 367 Pa. 180, at page 189, 79 A.2d 433, but see Raskus v. Allegheny Valley St. Ry. Co., 1930, 302 Pa. 34, at page 37, 153 A. 117, 118, distinguishing the first three and we add the latter two cases in that in each "a different foundation for recovery was attempted to be set up." And see Mussolino v. Coxe Bros. & Co., Inc., 1947, 357 Pa. 10, at page 15, 53 A.2d 93, at page 95, " * * * so long as he does not introduce a new agency as the cause of action * * *." And see Downes v. Hodin, 1954, 377 Pa. 208, at page 215, 104 A.2d 495.[9]

9. See Miners Savings Bank of Pittston v. Naylor, 342 Pa. 273, at page 280, 20 A.2d 287, at page 291, " 'The tests to be applied * * * are: Would a judgment bar any further action on either? does the same measure of damages support both? is the same defense open in each? and is the same measure of proof required?' " But see Rochester Borough v. Kennedy, 1910, 229 Pa. 251, at page 273, 78 A. 133, as to the measure of proof. See Whalen v. Gordon, 8 Cir., 1899, 95 F. 305, at page 313, and cf. Brown v. New York Life Ins. Co., D.C.N.J., 32 F.Supp. 443, at page 445.

A judgment in this action would bar any further proceeding. The same measure of damages would apply and substantially the same defenses. As to applying the law of Georgia, see and cf. Moran v. Pittsburgh-Des Moines Steel Co.,

The amendment will therefore be allowed;[10] defendant shall have 20 days within which to answer or otherwise move in regard thereto.

Defendant denied negligence, warranty or breach thereof and affirmatively asserted Smith was negligent (in operating under improper conditions; that he was not qualified to operate under prevailing weather conditions at the time of the accident; assumption of risk), and that his negligence was the proximate cause of the accident. Plaintiff moved to strike the affirmative defenses, see F.R. C.P. 12(f); American Machine & Metals, Inc., v. DeBothezat Impeller Co., D.C. S.D.N.Y., 8 F.R.D. 306, at page 308, as insufficient in law, asserting failure to aver Smith's negligence was the sole proximate cause of the accident and to plead details as to "not qualified", "improper weather conditions"; assumption of risk is not a defense; failure to state what the risks were and that they were obvious, well known, understood, and appreciated; that Smith's negligence cannot be imputed to plaintiff so as to defeat his claim. Plaintiff suggests maybe defendant's negligence was the sole proximate cause upon which the pilot's negligence operated only as a condition; maybe Smith was exercising due care under the existing conditions; maybe the weather conditions changed after he was aloft; maybe defendant's negligence caused him to fly under improper weather conditions. Plaintiff cites Atlantic Greyhound Corp. v. Loudermilk, 5 Cir., 1940, 110 F.2d 596, for the proposition that the doctrine of comparative negligence prevails in Georgia.

 A motion to strike was never intended to furnish an opportunity for the determination of disputed and substantial questions of law, O'Reilly v. Curtis Publishing Co., D.C., 22 F.Supp. 359,

at page 361; Tivoli Realty, Inc., v. Paramount Pictures, Inc., D.C.Del., 80 F. Supp. 800, at page 803; Burke v. Mesta Mach. Co., D.C.W.D.Pa., 5 F.R.D. 134; 1 Barron & Holtzoff, supra, § 368, p. 750; 2 Moore, supra, p. 2219, and is not granted if insufficiency of the defense is not clearly apparent or may better be determined in a hearing on the merits.

Obviously if defendant was not negligent and Smith's negligence was the proximate cause of the accident and the injuries and damage sustained, plaintiff could not recover. Cf. United States v. Fleming, 5 Cir., 1940, 115 F.2d 314, at page 316; Queen v. Patent Scaffolding Co., supra, 167 S.E. at page 794; McCord v. Atlantic Coast Line R. Co., 5 Cir., 1950, 185 F.2d 603, at page 605. Plaintiff's rights arise no higher than those of Smith. Atlantic Greyhound Corp. v. Loudermilk, supra, 110 F.2d at page 599; McCord v. Atlantic Coast Line R. Co., supra, 185 F.2d at page 605.

As to comparative negligence, see Id. and dissenting opinion of Sibley, J., in Atlantic Greyhound Corp. v. Loudermilk, supra, 110 F.2d at page 599, Georgia Code, § 105–603, "If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover. In other cases the defendant is not relieved, although the plaintiff may in some way have contributed to the injury sustained.' * * * the plaintiff's fault must be less than the defendant's, because if they are equally to blame neither can recover * * *." See United States v. Fleming, supra, 115 F.2d at page 316, "The Georgia comparative negligence rule * * * by applying to plaintiff the last clear chance doctrine * * * encroaches on and to that extent impairs, the symmetry of the rule of comparative negligence broadly ap-

---

supra, 166 F.2d at page 910. See Georgia Code, § 81–1303; Colley v. Gate City Coffin Co., 92 Ga. 664, 18 S.E. 817.

10. Plaintiff may also amend to show that 

Smith acted as agent of Smith Way Inc. See Mannsz v. Macwhyte Co., supra; Leland v. Freemen's Ins. Co., 127 Pa. Super. 533, 193 A. 475, and Fierstein v. Piper Aircraft Corp., supra.

plied. Whether this is a concession to the difficulties inherent in the determination of proximate cause or to the influence of the maxim, 'volenti non fit injuria', on the holding of the Georgia courts that one in the attitude of being the author of his own misfortune in a legal sense consents to the injuries suffered, we need not too closely inquire. It is sufficient to say that the Georgia rule does not defeat recovery by a negligent plaintiff unless it is made to appear that his negligence was the sole, or within the rule of the last clear chance doctrine, the legal, proximate cause of the injury." And see Central of Georgia Ry. Co. v. Adams, 1929, 39 Ga.App. 577, 147 S.E. 802, at page 804, "* * * petitioner was the author of his own misfortunes * * * the acts of negligence alleged against the defendant did not contribute to or concur with petitioner's negligence in causing the collision;" and Baker v. Atlantic Coast Line R. Co., 1936, 52 Ga. App. 624, 184 S.E. 381, at page 383, "* * * being the author of his own misfortune * * * in a legal sense, he consented to the injuries suffered". Further as to assumption of risk, see Queen v. Patent Scaffolding Co., supra, 167 S.E. at page 794, and City of Columbus v. Griggs, 113 Ga. 597, 38 S.E. 953.

▮ Even if the proof justified application of the doctrine of comparative negligence, a partial defense is not an insufficient defense. Verges v. News Syndicate Co., Inc., D.C., 11 F.R.D. 587; American Motorists Ins. Co. v. Napoli, 5 Cir., 1948, 166 F.2d 24, at page 26; Bauman v. Aluminum Co. of America, D.C.E.D.N.Y., 58 F.Supp. 160, at page 162.

▮ As to pleading negligence, see F.R.C.P. 8(a, c, f), and cf. Sierocinski v. E. I. Du Pont De Nemours & Co., 3 Cir., 1939, 103 F.2d 843, and see Id., 3 Cir., 1941, 118 F.2d 531, at page 534, 535; Smith v. Pennsylvania Central Airlines Corp., D.C.D.C.1948, 76 F.Supp. 940, 6 A.L.R.2d 521; Moran v. Pittsburgh-Des Moines Steel Co., supra, 166 F.2d at page 918, note 40; Murphy v. Neely, 1935, 319 Pa. 437, at page 440, 179 A. 439; Rennekamp v. Blair, 1954, 375 Pa. 620, 101 A. 2d 669; Chapman v. United States, 5 Cir., 1952, 194 F.2d 974, at pages 977, 978; Plewes v. City of Lancaster, 1952, 171 Pa.Super. 312, 317, 90 A.2d 279. As to assumption of risk, see Id. and Lasicki v. Socony Vacuum Oil Co., Inc., D.C.M.D. Pa., 1 F.R.D. 384; Konstantino v. Curtiss-Wright Corp., D.C.W.D.N.Y., 52 F. Supp. 684. Plaintiff's motion to strike will be denied. If additional information is desired, the deposition discovery process is open to the plaintiff. See Metropolis Bending Co. v. Brandwen, D.C.M.D. Pa. 8 F.R.D. 296.

Defendant moves under Rule 37(a) to compel further answers to interrogatories 6 to 14, inclusive: (a) What specific acts of negligence were the proximate cause of the accident; (b) Describe in detail alleged defects in the aircraft-material, manufacture, assembly. As to (a) plaintiff first stated her inability to answer because the information was in the exclusive knowledge of other witnesses;[11] later that the questions called for conclusions of law. Further that the right aileron became detached from the right wing while the airplane, manufactured by defendant, was engaged in normal flight and came to earth over 220

11. Plaintiff has a duty to inquire and reveal. See 4 Moore § 33.26, p. 2330, § 33.-13, p. 2293, § 33.14, p. 2295; State of Maryland, to Use of Peters v. Baltimore & O. R. Co., D.C.E.D.Pa., 7 F.R.D. 666, 667. "A party * * * cannot refuse to answer interrogatories on the ground that the information sought is solely within the knowledge of his attorney. * * * Where relevant and

nonprivileged facts remain hidden in an attorney's file and where production of those facts is essential to the preparation of one's case, discovery may properly be had." Hickman v. Taylor, 329 U.S. 495, at pages 504 and 511, 67 S.Ct. 385, at page 390, 91 L.Ed. 451. Nor is it any answer to say that the facts are already known to the other party. See 4 Moore, § 33.03(5), p. 2266.

feet from the point of impact; that defendant failed to make inspections and tests which would have revealed that the right aileron was not properly attached to the right wing (the right aileron to the horn, the hinge bracket to the right wing; attachments to the rear spar and false spar); that the means (rivets and screws), and the manner and material used (metals or alloys) in attaching the right aileron to the right wing were not adequate and strong enough to have them remain attached and to sustain the aerodynamic loads placed upon them while the airplane was engaged in normal flight; that further detail was not possible because sufficient drawings and information requested of defendant had not been furnished.

Defendant argues that plaintiff has questioned its Chief Engineer and other employees and obtained complete drawings and information and that it is entitled to all of the facts and available information not privileged in order to narrow the issues. See 4 Moore op. cit. supra, § 33.17. "Mutual knowledge of all of the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession. The deposition-discovery procedure simply advances the stage at which the disclosure can be compelled from the time of trial to the period preceding it, thus reducing the possibility of surprise." Hickman v. Taylor, supra, 329 U.S. at page 507, 67 S.Ct. 385, at page 392, 91 L.Ed. 451.

Plaintiff cites Mannsz v. Macwhyte Co., supra, 155 F.2d at page 452, " * * * if an article used for the purpose for which it was intended is defective and an accident results therefrom the manufacturer is liable. * * * The Jury would be entitled to infer that the wire rope had been manufactured improperly and that a resulting defect has caused it to break. * * * " Two assumptions are made, i. e., that it was used for the purpose for which it was intended, and that it was defective, but see Sierocinski v. E. I. DuPont De Nemours Co., supra, 118 F.2d at page 536, " * * * an inference exculpating the defendant from guilt could also be reasonably drawn from the evidence. That, of itself, is sufficient to prevent the application of res ipsa loquitur or the doctrine of exclusive control". And see Morrison v. Le Tourneau Co. of Georgia, 5 Cir., 1943, 138 F.2d 339, at page 341; Smith v. Pennsylvania Central Airlines Corp., supra, 76 F.Supp. at page 945; as to warranty see and cf. United States Gypsum Co. v. Birdsboro Steel Foundry & Machine Co., 1947, 160 Pa.Super. 548, 52 A.2d 344; Henderson v. National Drug Co., 343 Pa. 601, at page 611, 23 A.2d 743.

If the plaintiff relies upon any specific acts of negligence or of proof of breach of warranty, defendant ought to be able to elicit them and remove the element of surprise from the trial. See and cf. Boyle v. Ward, supra, 125 F.2d 672, and Foley v. Pittsburgh-Des Moines Co., supra, 363 Pa. at page 9, 68 A.2d at page 521; Sierocinski v. E. I. Du Pont De Nemours Co., supra, 118 F.2d at pages 534, 535; Smith v. Pennsylvania Central Airlines Co., supra, 76 F.Supp. at pages 942, 944, 945 and cases cited, Cohn v. United Air Lines Transfer Corp., D.C. D.Wyo., 17 F.Supp 865.

Plaintiff points to the plane wreckage, that the right aileron had come off while the plane was in flight, and argues that since the aileron became detached while the plane was being used for the purpose for which it was intended, the jury could infer negligence in the manufacture of that portion; but the defendant suggests other than a normal flight, weather conditions, and lack of qualifications of the pilot under the circumstances. If there were demonstrable defects in the horn or hinge bracket, or in the manner or type of material used, workmanship applied, tests or inspections made, or design applied, or any specific evidence of negligence in and about the manufacture

of the plane or the aileron, defendant is entitled to that information as well as any additional facts that later develop prior to the trial. See Moore Id., p. 2312.

Globe Indemnity Company sought to intervene (see Rule 24(a, b); Alabama Workmen's Compensation Act, Code 1940, Title 26, § 312; American Mutual Liability Ins. Co. v. Louisville & N. R. Co., 1948, 250 Ala. 354, 34 So.2d 474) to recover by way of subrogation the sum of $5,000—paid to plaintiff on the death of her husband as compensation carrier for Smith Way Inc.—out of any judgment which plaintiff may recover from defendant, citing Sloan v. Appalachian Electric Power Co., D.C.W.Va., 27 F. Supp. 108; and see Williams v. Powers, D.C.Ohio, 2 F.R.D. 362; 4 Moore, § 2410, p. 60. Defendant objects on the ground that plaintiff's counsel are competent to fully present the claim against defendant; lack of a common question of law and fact, one claim sounding in tort, the other in contract; the statute of limitations;[12] that intervention would result in the introduction of evidence of compensation and that compensation had been paid regardless of any negligence on the part of defendant or the deceased, a collateral issue which may mislead the jury to defendant's detriment. Finally that since notice has been given to defendant no intervention is necessary because the carrier's rights would be protected by defendant before any sum was paid to plaintiff by way of settlement or satisfaction of a judgment, citing Smith v. Yellow Cab Co., 1927, 288 Pa. 85, 135 A. 858, and see Scalise v. F. M. Venzie & Co., Inc., 1930, 301 Pa. 315, at page 320, 152 A. 90; Neal, to Use, etc. v. Buffalo R. & P. Ry. Co., 1931, 103 Pa.Super. 218, 158 A. 305; Haley, to Use, etc., v. Matthews, 1932, 104 Pa.Super. 313, 158 A. 645; Broderick v. Great Lakes Casualty Co., 1943, 152 Pa.Super. 449, 33 A.2d 653; Globe Indemnity Co. v. Liberty Mutual Ins. Co., 3 Cir., 1943, 138 F.2d 180 at page 183, but see and cf. Moltz, to Use of Royal Indemnity Co. v. Sherwood Bros., Inc., 1935, 116 Pa.Super. 231, 176 A. 842, and Magee v. McNany, D.C.W.D.Pa., 10 F.R.D. 5, at page 14. While the matter was pending counsel for the proposed intervenor stipulated that it was satisfied to rely upon defendant's assurance that its right to recover in the event of settlement or judgment would be protected without formal intervention.

In view of the foregoing, an order will be handed down this date allowing the amendment to the complaint; denying the motion to strike the defenses. The respective answers to the interrogatories should be reviewed in the light of this opinion, either party having the right to move under Rule 37(a) if all available facts and information are not furnished.

12. In re Wehrles' Estate, 205 Pa. 62, 54 A. 511; 36 Vale Pennsylvania Digest, Subrogation ☜41(3) and see Aetna Casualty & Surety Co. v. Pacific Gas & Electric Co., 41 Cal.2d 785, 264 P.2d 5, 41 A.L.R.2d 1044; Metropolitan Casualty Ins. Co. v. Sloss-Sheffield Steel & Iron Co., 1941, 241 Ala. 545, 3 So.2d 306; Moltz, to Use of Royal Indemnity Co. v. Sherwood Bros., 1935, 116 Pa.Super. 231, 176 A. 842; Cf. State Compensation Ins. Fund v. Proctor & Schwartz Inc., D.C.E.D.Pa., 102 F.Supp. 451.