## Graham v. Peoples Natural Gas Company

*Thomas Hollander*, for plaintiff.

*Milton Lamproplos*, for defendant.

ALDISERT, J., April 15, 1965.—This matter is before the court on plaintiff's motion to compel further answers to questions 3(c), 3(d), and 3(g) of his written interrogatories.

Plaintiff's complaint avers that on or about March 17, 1964, he was a business visitor at a retail grocery market when an explosion, caused by gas escaping from certain gas transmission pipe lines of defendant, occurred and caused him serious injury.

In essence, the questions at issue are:

3(c) At what depth beneath the surface of the ground was the pipe line installed, owned and controlled by defendant?

3(d) What was the gas pressure in that line on the day of the accident complained of?

3(g) In what type of soil was this line located?

The answers given by defendant were:

"3(c) This information may be in the knowledge of: W. Crooks, C. Davis, R. Fortney, William Langman, R. Phillips, E. Shoup, P. White and/or T. E. Wilson, all c/o The Peoples Natural Gas Company, 1315 Gringo Road, Aliquippa, Pa."

"3(d) This information may be in the knowledge of T. E. Wilson, c/o The Peoples Natural Gas Company . . ."

"3(g) See No. 3(c) above."

On oral argument, counsel for defendant argued vigorously that although the information sought may be in the possession of its employes and others of defendant corporation, further answers by the particular deponent would require defendant to conduct an investigation and collection of the information in the minds of its employes and others, to compile and analyze this information and the variations thereof,

and finally to give generalized answers and conclusions, all of which will then amount to hearsay.

Two serious issues are before this court:

A. Must a corporate litigant set forth in his answers to written interrogatories under Pennsylvania Rules of Civil Procedure 4005 the cumulative knowledge of all individuals connected with the corporation?

B. In the broader picture, are certain matters more properly the subject of inquiry by deposition rather than by written interrogatories?

Pa. R. C. P. 4005 (a) provides:

"Subject to the limitations provided by Rule 4011, any party may file and serve upon any adverse party written interrogatories to be answered . . ., if the party served is a public or private corporation or similar entity or a partnership or association, by any officer or agent, who shall furnish such information as is available to the party."

What must the answering officer or agent set forth in his answers: the knowledge of the answering officer or agent, the knowledge of all the officials of the corporation, the knowledge of all the officials and employes of the corporation, or the cumulative knowledge of all individuals connected with the corporation?

The problem is aptly presented by President Judge Hagan in Witlin v. Pennsylvania Railroad Co., 18 D. & C. 2d 176, 178:

"If the interrogatories were propounded to an individual, who was driving an automobile involved in an accident, asking that individual where his car was with respect to the intersection at a given time, it is clear that what would be required is the individual's answer to the question to the best of his knowledge and memory. Where, however, that same question is propounded generally to a corporate litigant which may have had several employes in a position to furnish some information with respect to the question, the proposi-

tion is not nearly so simple. It is very unlikely that any two individual employes of the corporate litigant would give precisely the same answer to any factual question. We all know that different persons viewing an accident will in all honesty have different impressions of what happened. Therefore, Engineer A might have one answer to a given question, but Brakeman B might have a different answer and Trackman C still another.

"In order to answer an apparently simple factual question, therefore, it would be necessary for a corporate litigant to discover which of its employes has any knowledge with respect to each of the various interrogatories propounded; then, with respect to each question the corporate litigant would be required to collate the answer of each of its employes having any knowledge of the question. If, as is likely, the answers of the different employes should vary, the corporate litigant would be required to either state the answers of each of the employes, or else someone within the corporation would be required to analyze the various answers and form a judgment as to the correct answer, and give as the answer of the corporate litigant his individual judgment."

The solution proposed by that court was that the corporation should merely furnish the names of its officers and employes having knowledge of the accident and plaintiff should then file another set of interrogatories containing separate questions to be answered by the designated individuals.

4 Goodrich-Am. Procedural Rules Services, 1695 Supplement, sec. 4005 (a)-9, characterizes this solution as "narrow," without "authority, either in the state or federal practice," and "directly contrary to all the federal cases."

The plain meaning of Pa. R. C. P. 4005 (a) is that an officer or agent shall set forth in his answers to written interrogatories on behalf of a corporate liti-

gant all information available to the corporation that is relevant, unprivileged, sought in good faith, which will be of substantial aid in the preparation of the pleadings or the preparation or trial of the case, and which is not restricted by Pa. R. C. P. 4011(d).

Moreover, 4 Goodrich-Am. Procedural Rules Service, sec. 4005(a)-9 goes on to say:

"Sub-division (a) . . . means that the cumulative knowledge of *all* individuals connected with the answering party must be set forth in the answers. The particular individual who signs the answers may know all the facts, or may know some of them, or may not know anything of his own knowledge."

We are constrained to disagree with this learned authority on Pennsylvania practice. They seem to equate Pennsylvania *State* practice with *Federal* practice. This is impossible. This cannot be done so long as basic and fundamental differences exist between the types of pleadings and procedural rules in force in the two court systems.

Pennsylvania practice is based on fact pleadings. It presumes that by written pleadings the adversaries may put into proper perspective the basic issues separating their parties.

Federal practice is notice pleading. The niceties of State practice with the requirements of specific pleadings are not present.

The Federal practice minimizes pleadings completely and substitutes therefor wide open discovery proceedings.

Pennsylvania discovery proceedings are relatively open and free, but compared to Federal practice they are restrictive.

In Federal practice, the adversary is entitled to the *leads to*, as well as the *fruits of*, his opponent's investigation. In State practice, the adversary may obtain only the *leads to* his opponent's investigation.

Rule 4011 (d) which prevents discovery or inspection which "would disclose the existence or location of reports, memoranda, statements, information or other things made or secured by any person or party in anticipation of litigation or in preparation for trial" has no counterpart in Federal practice.

To hold then that a corporate party must reply to interrogatories involving the "cumulative knowledge of all individuals connected with the adversary party" conflicts with the specific prohibitions of 4011 (d) insofar as it would compel indirectly the revealing of the contents of statements.

We have consistently held in this court that written interrogatories are proper only when they call for factual information which is susceptible of categorical response. Objections to written interrogatories which call for essay-like responses have been consistently sustained, our rationale being that the oral deposition technique is better suited for this type of discovery.

A related problem was before our sister court in the Western District of Pennsylvania in Cochenour v. Baltimore & Ohio Railroad Co., Civil Action No. 13227 (unreported).

There the Federal court sustained objections to interrogatories in a similar situation. We quote this excerpt because it demonstrates how a federal court, *with even broader discovery rules*, adjudicates a related matter.

There the court, speaking through Willson, J., declared:

"Interrogatories 15, 16, 17, and 18 are the ones on which the answers have been refused and they read as follows:

'15. How far from the crossing was the train when the engineer or fireman or other member of the crew saw the decedent's automobile on the crossing?

'(a) At what speed was the defendant's train then travelling?

'16. How far from the crossing did the engineer, fireman or other member of the defendant's crew apply the brakes?

'17. How far beyond the crossing did the defendant's train travel before it was stopped?

'18. How far did the train travel after the brakes were applied?'

"It is recognized that it is not always easy to determine when an interrogatory should be answered and when the refusal to answer is justified. Defendant has cited a Court of Appeals decision, *McCord v. Atlantic Coast Line R. Co.*, 185 F. 2d 603, page 606, which seems to be in point as ruling on the exact proposition on which defendant stands in the present case. The court there said:

'. . . The questions suppressed and not answered related to details of the collision, such as the point at which employees first saw the taxicab, the distance, what the engineer saw and did, and what the foreman saw and did, the speed of the train at numerous points, and many other details which only the train crew could know. The trial court properly held that the corporation did not have to testify as to its information or opinion on these matters. *If advance information was desired the train crew whose names and addresses were furnished ought to have been interrogated by deposition.'* (Italics supplied.)

"The interrogatories at issue here are believed to be questions calling for opinions, conclusions and contentions as mentioned in Moore's Federal Practice, Vol. 4, Section 33.17, page 2303. No doubt the defendant has reports from members of its train crew, but the issue here is not whether the information possessed by defendant from the various members of the train crew is to be denied plaintiff, but the issue presented is simply whether the interrogatories as framed and propounded in the instant case are to be answered by

defendant. It has been held in one case, *Porter v. Central Chevrolet*, 7 F. R. D. 86, 88, that interrogatories requiring a party '. . . . to examine, analyze, audit, compile and correlate information from its books and records and then to state its conclusions as to what these records reveal, . . . .' are beyond the scope of Rule 33. The foregoing statement seems applicable here. To require the defendant to answer the four interrogatories is to direct that a proper officer examine and analyze statements of the train crew and perhaps compile other information and to summarize it and then state his conclusions as to what the records reveal. It is believed that under the authorities, defendant's refusal to answer the four interrogatories mentioned is justified."

Accordingly, we will sustain defendant's objections.

### Order of Court

And now, to wit, April 15, 1965, it is ordered that defendant's objections be sustained and that plaintiff's motion to compel further answers to interrogatories 3(c), 3(d), and 3(g) be and the same is hereby dismissed.