## GIRARD TRUST CO. v. AMSTERDAM et al.

### No. 10097.

Circuit Court of Appeals, Fifth Circuit.

May 27, 1942.

Roland W. Granat, of Miami Beach, Fla., for appellant.

No appearance for appellees.

Before FOSTER, HUTCHESON, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Girard Trust Company, a Pennsylvania corporation, in various capacities as trustee, held eleven judgments obtained in courts of Pennsylvania against Philip Amsterdam, a citizen of Florida. By complaints filed in the District Court of the United States for the Southern District of Florida, the Trust Company sought judgments against Amsterdam based upon the Pennsylvania judgments. It further sought to subject Amsterdam's property to the claims, and to set aside a certain conveyance of property to Jefferson Holding Company, a Florida corporation. It was alleged that the conveyance of an apartment house to Jefferson Holding Company by Philip Amsterdam was fraudulent and made for the purpose of hindering and delaying his creditors; that Philip Amsterdam was the owner of all stock in this corporation; and that such stock as was issued and held in the name of others was "in fact held by them in trust for Philip Amsterdam". The complaints were consolidated, interventions were allowed, and all parties in interest were brought into the proceedings.

Jefferson Holding Company was organized in March, 1935, and its 100 shares of stock were issued to four persons: 25 shares each to Philip Amsterdam, Annie K. Amsterdam, Ben Amsterdam, and Annie Amsterdam. In the proceedings in the trial court it clearly appeared that the conveyance of the property to the corporation by Philip Amsterdam was in no wise fraudulent or for the purpose of hindering or delaying creditors, and accordingly the

allegation of fraudulent conveyance was abandoned by the Trust Company. It was also definitely established that the 50 shares of stock issued to Ben Amsterdam and his wife, Annie Amsterdam, had been issued for full and adequate consideration, and that Ben and Annie Amsterdam were in fact bona fide owners of the 50 shares of stock standing in their name. The validity of their stock holdings is not now questioned.

After a trial without a jury, the court held the Pennsylvania judgments to be valid, entered judgment against Philip Amsterdam for the full amount of these judgments plus interest and costs, and enjoined Amsterdam and the Jefferson Holding Company from selling, transferring, "or in any wise disposing of or encumbering" the 25 shares of stock which had been issued to him. The injunction was to continue "until modified or vacated in connection with proceedings to subject the said stock to the payment of said judgments". The court also retained jurisdiction "for further proceedings in connection with the subjecting of said stock of Philip Amsterdam toward the payment of said judgment". Contrary to the contention of Girard Trust Company, the court held that the 25 shares of stock issued in the name of Annie K. Amsterdam were in fact her property and not the property of her husband, Philip Amsterdam.

■ Although the case was tried without a jury, the record does not contain special findings of fact and conclusions of law as required by Rule 52 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. No point is made of this vital omission, and to the end that delay may be avoided we now pass upon and decide the issues without remanding the case for the making and inclusion of formal findings and conclusions.

■ The appellant contends that the court erred in entering judgment for Annie K. Amsterdam, and in denying its motion for a new trial on the issue respecting ownership of the 25 shares of stock issued in her name. There is no merit in this contention. We have reviewed the record and found that the evidence sustains Mrs. Amsterdam's allegations that the 25 shares of stock were issued to her as her separate property; that she was the bona fide holder, owner, and purchaser of these shares; and that her husband had no interest whatsoever, either legal or equitable, in the shares issued to her. The court correctly held that this stock belonged to Annie K. Amsterdam.

■ It is further alleged that the court erred in refusing a continuance and in hurrying plaintiff's counsel in his examination of the defendant, Philip Amsterdam, who was very sick and who died within a short time after the close of the trial. It cannot be disputed that Amsterdam was seriously ill at the time of the trial, and that he was doing his utmost in testifying under adverse conditions. The court out of consideration for the witness urged counsel to stop making motions and arguments, and to proceed with the examination of the witness. The court: "You can make your motion later on. Let's go on without objections; this man is sick; let's examine him and get through with him, and then you can move to strike something later on." Plaintiff's counsel: "The answer is contrary to the contract." The court: "You can move to strike it later on. I don't want to take up any time in examining papers; this man is sick." The court thereafter urged counsel again and again to proceed with the examination of the witness and refrain from argument and requests for rulings until a later time. The court's action in supervising the examination of the ailing witness was a sound exercise of judicial discretion fully authorized under the circumstances of this case. As to the refusal to grant a continuance it is sufficient to say that the granting or refusal of a motion for a continuance rests within the sound discretion of the trial judge, and his ruling on such motion will not be disturbed on appeal unless abuse of discretion is shown.

■ After Amsterdam's death, the appellant Trust Company filed a motion seeking sale of his stock in satisfaction of the judgment. The court committed no error in denying the motion and leaving the question of priority of claims and judgments for determination in the probate proceedings.

The judgment is affirmed.