### HEAY v. PHILLIPS et al.

### No. 13042.

United States Court of Appeals
Ninth Circuit.

Dec. 18, 1952.

William V. Boggess and Warren A. Taylor, Fairbanks, Alaska, for appellant.

Robert A. Parrish and George B. McNabb, Jr., Fairbanks, Alaska, for appellees.

Before MATHEWS and STEPHENS, Circuit Judges, and DRIVER, District Judge.

STEPHENS, Circuit Judge.

Dean Phillips, Charles Gray and James Kelly are plaintiffs and appellees, and Douglas Heay is the defendant and appellant in this action. We shall refer to them by name or as plaintiff and defendant.

On the morning of September 20, 1950, while plaintiffs' plane was in defendant's exclusive possession and control, it crashed at Paxson Lake, Alaska, and was totally destroyed. On January 24, 1951, plaintiffs filed a complaint against Heay in the United States District Court for the Territory of Alaska, in which it was alleged that subsequent to the crash Heay promised to pay them $3,000 as and for the reasonable value of the plane, but to date had paid only $650. The complaint was dismissed for failure to state a claim upon which relief could be granted, and plaintiffs were granted ten days in which to amend. An amended complaint was filed within the given time, in which it was alleged that Heay, the defendant, was granted possession of the plane upon the condition and promise that in case it was damaged while in his possession he would pay for the necessary repairs to it, and if the plane was destroyed he would pay the plaintiffs the reasonable value thereof.

Upon the opening of the trial before the court without a jury on May 7, 1951, plaintiffs asked leave to file a second amended complaint in which an alternative cause of action alleged defendant's negligence as the cause of the plane's loss, and leave. was granted. No objection had been made to the filing of the second amendment until the trial commenced on the following day when defendant moved the court to dismiss or in the alternative to strike the second alternative cause of action. The court denied the motion in toto, and Heay assigns the court's ruling as error.

■■ A party may amend his pleading once as a matter of course, and as many times thereafter as he is given leave by the court. Rule 15(a), Federal Rules of Civil Procedure, 28 U.S.C.A. Courts are given wide discretion in granting or refusing leave to amend after the first amendment, and only upon gross abuse will their rulings be disturbed. Wittmayer v. United States, 9 Cir., 1941, 118 F.2d 808, 809; Cf. Schuckman v. Rubenstein, 6 Cir., 1947, 164 F.2d 952, 958; Holley Coal Co. v. Globe Indemnity Co., 4 Cir., 1950, 186 F.2d 291, 295. It is said upon good authority that "[a]n amendment should be allowed where the factual situation is not changed even though a different theory of recovery is presented." Popovitch v. Kasperlik, D.C., 76 F.Supp. 233, 238. In the instant case each of the causes alleged is related to the same set of circumstances, and relevant and competent facts are peculiarly within the objector's knowledge. There was no error in the court's ruling. Cf. Rule 15(c), Federal Rules of Civil Procedure; Barthel v. Stamm, 5 Cir., 145 F.2d 487.

■ The court gave the defendant one day in which to answer the alternative cause of action, and the defendant assigned this order as an abuse of discretion as it was too short a time. Rule 15(a) gives the opposite party ten days to answer an amendment "unless the court otherwise orders." Heay's answer to the second amended complaint was a formal recital of admissions and denials, and in no way less complete than his answers to the original, or to the first amended complaint. No showing is made that the defendant was actually prejudiced by the limited time given him to answer.

■ Defendant further assigns as reversible error the court's refusal to grant his counsel's requests for a continuance. Defendant's first request for continuance was made on May 7, 1951, immediately after plaintiffs' alternative cause of action was filed. The request was met with objection on the ground that Dean Phillips, one of the plaintiffs and a principal witness, being the sole employee of the Civil Aeronautics Administration at Naknek, was in duty bound to return to Naknek (King Salmon), Alaska, as soon as possible, and would not be able to return to Fairbanks to give his testimony before the following November. The court denied the request for a continuance, but did put it over to the next day.

On May 8, 1951, when the case came to trial, defendant again asked for a continuance after his motion to dismiss or strike the second cause of action had been denied and after he had filed his answer. This time he requested only three days in which to prepare his case. The plaintiffs continued their objection on the ground that even a three-day continuance would be tantamount to a continuance until the following November on account of Phillips' duties in Naknek. However, they suggested that their case be presented at once with the understanding that if at the conclusion of their case defendant needed more time before presenting his defense, no objection would be made. The suggestion appeared to be unacceptable to defendant.

While it is true that any substantial amendment which operates as a surprise to the opposite party may constitute a basis for granting a continuance, the granting of a continuance is not a matter of right, but is always within the discretion of the court. And this discretion will not be disturbed unless it is abused. Preferred Accident Insurance Co. v. Patterson, 3 Cir., 1914, 213 F. 595; Girard Trust Co. v. Amsterdam, 5 Cir., 1942, 128 F.2d 376; 17 C.J.S., Continuances, § 71, page 245; George v. Wiseman, 10 Cir., 1938, 98 F.2d 923. In determining how this discretion is to be exercised, of great importance is the prejudice, if any, attached to the surprised party's conduct of his case. Federal Life Insurance Co. v. Rascoe, 6 Cir., 1926, 12 F.2d 693. Granting that the second amendment was a surprise to defendant, he made no showing of prejudice and the record shows that his counsel conducted a thorough cross-examination of plaintiffs' witnesses on both the contract and negligence issues. And two of defendant's three witnesses, on direct examination, devoted their testimony principally to Heay's defense to the negligence aspects of the case. At the conclusion of plaintiffs' case

the defendant, Heay, made no request for continuance of his proof to a later date.

It is a matter of judicial knowledge that Alaska is an area of great distances and great difficulty is experienced in traveling. The court was fully acquainted with the situation and in the absence of some showing of prejudice, this court on review will assume that the court protected all parties to the full extent possible in the circumstances.

Assigned points of error, not treated in appellant's briefs, have been disregarded.

Finding no error, the judgment is affirmed.

Affirmed.