John W. **DAVIS** and **Aldine Davis,**
his wife
v.
**YELLOW CAB COMPANY.**
**Civ. A. No. 30191.**

United States District Court
E. D. Pennsylvania.
March 19, 1964.

Stern & Tractman, Harry Tractman, Philadelphia, Pa., for plaintiff.

Charles C. Hileman, Philadelphia, Pa., for defendant.

KRAFT, District Judge.

This action for damages for personal injuries allegedly sustained by the wife plaintiff is before us on plaintiffs' motion to amend the complaint.

The complaint alleges that the wife plaintiff sustained her injuries on January 23, 1961, at 12th and Market Streets, Philadelphia, while a passenger in defendant's taxi cab. Plaintiffs aver that although wife plaintiff's destination was 8th and Market Streets, as defendant's driver knew, it was necessary for her to alight from the cab at 12th and Market Streets to permit two other passengers to alight; that, as wife plaintiff was re-entering the cab, one of the departing passengers closed the right rear door of the cab in such a manner that it struck the wife plaintiff causing the injuries complained of. Plaintiffs charge defendant's driver with negligence, inter alia, in "his remaining seated in the driver's seat without exercising any effort to assist the [wife] plaintiff and her companions in retiring from the defendant's cab or assisting the [wife] plaintiff in re-entering the cab."

In their petition to amend, plaintiffs allege that, through inadvertence on the part of their former counsel, these paragraphs (3, 4 and 5) were erroneously pleaded. They seek leave to amend by averring that "while defendant's taxi cab arrived at the intersection of 12th and Market Streets, the driver carelessly and negligently permitted the cab to move forward with [wife] plaintiff's foot partially in the door, causing injuries hereinafter alleged." The proposed amendment charges defendant's driver with negligence "in failing to operate the cab in a safe manner, in breaching the standard practice of care owed to the public, and in permitting the cab to move forward while doors were open."

Defendant opposes the amendment on three distinct grounds. It contends, first, that plaintiffs seek to assert a new and different cause of action after the expiration of the statute of limitations.

Rule 15(a) of the Federal Rules of Civil Procedure provides that

leave to amend "shall be freely given when justice so requires." Courts, generally, have followed this mandate. Our Court of Appeals has said: "Ordinarily, courts exercise discretion liberally in permitting amendments, so as not to deprive a litigant of a chance to bring his case to trial." Wilson v. Lamberton, 102 F.2d 506, 507 (3rd Cir. 1939).

■ The term "cause of action" is one of various and shifting connotations. See United States v. Memphis Cotton Oil Co., 288 U.S. 62, 67, 53 S.Ct. 278, 77 L. Ed. 619 (1933). We agree with the analysis in Blair v. Durham, 134 F.2d 729, at p. 731 (6th Cir. 1943):

> "As long as a plaintiff adheres to a legal duty breached or an injury originally declared on, an alteration of the modes in which defendant has breached the legal duty or caused the injury is not an introduction of a new cause of action. The true test is whether the proposed amendment is a different matter or the same matter more fully or differently laid."

■ We think it can fairly be said that the proposed amendment represents only an alteration of the mode in which defendant is alleged to have breached its legal duty or caused the injury, and that, so viewed, it does not assert a new cause of action.

Moreover, F.R.Civ.P. 15(c) provides:

> "Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

■ The rule in the Federal Courts as to "relation back" is exceedingly liberal. Hammond-Knowlton v. United States, 121 F.2d 192, 200 (2nd Cir. 1941).

See also, the pointed remarks on Rule 15(c) in the "Commentaries", 28 U.S.C., following the Rule.

In our view, the claim sought to be asserted in the proposed amendment arose out of the conduct, transaction, or occurrence set forth in the original complaint.

We think the language of the Supreme Court in Tiller v. Atlantic Coast Line R. Co., 323 U.S. 574, 65 S.Ct. 421, 89 L.Ed. 465 (1945), though written in a different factual context, is applicable here. In that case, a suit under the Federal Employers' Liability Act for a death resulting from negligence, it was held that an amendment to the complaint was properly permitted to state an additional ground of negligence. The Court said, 323 U.S. at p. 581, 65 S.Ct. at p. 424, 89 L.Ed. 465:

> "The cause of action now, as it was in the beginning, is the same—it is a suit to recover damages for the alleged wrongful death of the deceased. 'The effect of the amendment here was to facilitate a fair trial of the existing issues between plaintiff and defendant.' Maty v. Grasselli [Chemical] Co., 303 U.S. 197, 201, 58 S.Ct. 507, 509, 82 L.Ed. 745. There is no reason to apply a statute of limitations when, as here, the respondent has had notice from the beginning that petitioner was trying to enforce a claim against it because of the events leading up to the death of the deceased in the respondent's yard."

Likewise, in the instant case, defendant has had notice from the beginning that plaintiffs were trying to enforce a claim against it because of the events leading up to the wife plaintiff's injuries while a passenger in its cab at 12th and Market Streets on the day in question.

■ Defendant next urges that plaintiffs have unreasonably delayed filing their petition to amend the complaint.

The wife plaintiff allegedly sustained her injuries on January 23, 1961. The action was begun on August 30, 1961. The petition to amend was filed on October 31, 1963, after plaintiffs had retained new counsel. We cannot say, in the circumstances, that the delay was unreasonable. In any event, the facts alleged are not complicated and nothing has been offered to indicate that defendant has suffered any material prejudice by reason of the delay.

■■ Defendant's final contention is that the ground upon which leave to amend is based—improper or inaccurate pleading through inadvertence of counsel—has been denied and "there is no basis in the record for granting the motion on that ground." Defendant argues that the wife plaintiff signed the affidavit to the original complaint; that new counsel now seeks to amend the complaint to substitute an entirely new and different description of the accident on the basis of an unsworn petition signed only by counsel; and that since defendant has denied the averments of the petition, it should be denied or action on the petition withheld until "plaintiff has provided the Court with evidence to support the petition."

We disagree. We treat the petition to amend as a motion under F.R.Civ.P. 7(b). Rule 7(b) (2) provides: "The rules applicable to captions, signing, and other matters of form of pleadings apply to all motions and other papers provided for by these rules." Rule 11 provides, in part: "The signature of an attorney constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay." Since plaintiffs' present counsel certified to these matters by signing the petition, nothing more is required for present purposes.

Plaintiffs' petition to amend the complaint will, therefore, be granted.