**Irving TAFT, Plaintiff,**

v.

**129–31 WEST 98TH STREET CORP.**
**and the City of New York,**
**Defendants.**

**No. 64 Civ. 800.**

United States District Court
S. D. New York,
Civil Division.

May 2, 1969.

Harry H. Lipsig, New York City, for plaintiff.

Bernard Helfenstein, Brooklyn, N. Y., for defendant 129–31 West 98th Street Corp.

J. Lee Rankin, Corporation Counsel, New York City, for defendant City of New York.

## MEMORANDUM

LASKER, District Judge.

This is a motion by plaintiff for an order pursuant to Rule 16 of the Federal Rules of Civil Procedure permitting the plaintiff to amend the complaint and pre-trial order on the ground that the facts involved in the amendment were not known to plaintiff at the time the pre-trial order was entered.

The action was brought to recover damages for personal injuries sustained by plaintiff on November 9, 1963. Plaintiff was found in the stairway leading down to the entrance of Peter's Cafe Europa bleeding severely from a head wound. The original complaint, served in March of 1964, alleged a broken sidewalk and no signs or barricades. Subsequently, plaintiff verified answers to interrogatories, reiterating his allegations of a broken sidewalk and the fact that there were no signs or barricades. The pre-trial order, dated April 1, 1968, incorporated as the sole claim for liability the fact that the sidewalk was broken and that there were no signs or barricades. In May of 1968, pursuant to an order of this court, plaintiff served an amended complaint pleading the original allegations and also adding allegations with regard to a "concrete sill" being three-quarters of an inch higher than the sidewalk at the top of the stairway and that the stairway was open and unguarded.

Until the trial of this action before Judge Weinfeld on November 12, 1968, plaintiff was unable to recollect the circumstances surrounding the accident and it was understood that plaintiff would not be able to testify. When during the course of the trial plaintiff began to recollect the circumstances surrounding the accident, Judge Weinfeld declared a mistrial in order to afford defendants an opportunity to examine plaintiff with regard to the circumstances of the accident.

Based on information which plaintiff recalled for the first time at the time of trial, plaintiff moves to amend the complaint and paragraph 3(a) of the pre-trial order to include reference to an uncovered projecting rod, since it is now plaintiff's theory that said uncovered rod in connection with the absence of a gate or chain in front of the stairs constituted a nuisance.

 The court views the motion to amend in the light of the liberal policy expressed by Rule 15(a) of the Federal Rules of Civil Procedure, which states that leave to amend pleadings "shall be freely given when justice so requires." The unusual circumstances of this case persuade the court that justice requires that leave to amend be granted. Plaintiff's amnesia and recollection at the trial, which is corroborated by affidavits of plaintiff's counsel and which caused Judge Weinfeld to declare a mistrial, provide a sufficient showing of lack of knowledge on plaintiff's part to explain his failure to allege the uncovered projecting rod prior to this late date.

 The only justification for the denial of the motion would be a specific showing of undue prejudice to the defendants. Defendants contend that their entire investigation has been based on plaintiff's original claim, which gave no indication that an uncovered projecting rod was involved in the accident. The allegation of an accident on a flight of stairs supplied adequate notice of any unsafe condition on or around the stairs. The photograph submitted by plaintiff, taken two days after the accident, satisfies the court that an examination of the area of the accident shortly after plaintiff's mishap would have revealed the presence of the uncovered projecting rod. Therefore, the court believes that the original complaint gave defendants notice of the transaction upon which plaintiff relies, and the fact that plaintiff may be adding a different theory of recovery (nuisance) does not warrant a denial of the motion. Heay v. Phillips, 201 F.2d 220, 14 Alaska 132 (1952).

In the special circumstances of this case, the court finds that plaintiff would be unfairly prejudiced if not permitted to amend the complaint and pre-trial order as requested; that there is a valid reason for failure to plead originally in the form now requested; that the facts to be pleaded existed at the date of the alleged injury and were discoverable by the defendants by the use of ordinary care; and that in the interest of justice the motion should be granted.

Plaintiff is therefore granted leave to amend the complaint and pre-trial order to include therein the issue of the uncovered projecting rod. Of course, plaintiff, who may now testify at the trial, is available to be examined by defendants, at which time defendants can test plaintiff's recollection concerning all the circumstances of the accident.

Settle order on notice.