James Clifton HUMPHRIES et al.,
Plaintiffs,

v.

John Thomas GOING and Colonial Floor-
ing & Acoustical Co., Inc.,
Defendants.

Civ. Nos. 614 to 618.

United States District Court,
E. D. North Carolina,
Elizabeth City Division.

April 6, 1973.

Charles S. Montagna, C. Arthur Rutter, Jr., of Breit, Rutter, Montagna & Carter, Norfolk, Va., Russell E. Twiford of Twiford, Abbott & Seawell, Elizabeth City, N. C., for plaintiffs.

Walter L. Horton, Jr., of Spears, Horton, Boles & Pinna, Raleigh, N. C., Eugene C. Brooks, III of Brooks & Brooks, Durham, N. C., for defendants.

### MEMORANDUM OPINION
### and ORDER

LARKINS, District Judge:

This cause is before this Court on Defendant Colonial Flooring's motion to dismiss the Plaintiffs' Amendment to the Amended Complaint, or in the alternative to grant summary judgment for Defendant Colonial Flooring on this issue.

On or about July 4, 1968, the Plaintiffs, Virginia residents, and Defendant Going, a North Carolina resident, were involved in an automobile accident on U.S. Route 158 about .5 miles south of Grandy, North Carolina. The Complaints were filed on October 29, 1969. On May 11, 1970, Plaintiffs filed an Amended Complaint alleging that the vehicle driven by Going was registered to

Colonial and that Going was operating said vehicle with the consent of Colonial and in the furtherance of Colonial's business. Defendant Colonial previously moved for summary judgment pleading that as a matter of law Defendant Going was an independent contractor or in the alternative that he was not acting within the scope of his employment at the time of the accident. By ORDER dated January 5, 1973, this Court denied the motion for summary judgment because North Carolina General Statutes § 20.-71.1(b) is construed to mean that proof of ownership *alone* carries the case to the jury on the issue of agency.

On March 12, 1973, the Plaintiffs filed an Amendment to the Amended Complaint alleging that prior to the time of the accident Defendant Going had been treated on numerous occasions for alcoholism, that Going was in fact an alcoholic, that he drove a motor vehicle while intoxicated, and at the time of the accident he was in an intoxicated condition. Plaintiffs further allege that Defendant Colonial had full knowledge of the said alcoholic condition of Going, that Colonial nevertheless allowed Going to use their vehicle, and that Colonial was negligent in entrusting said vehicle to Going.

The Defendants allege that the Plaintiffs' Amendment to the Amended Complaint sets forth a new, separate, and distinct claim for relief and that such claim is barred by the three year statute of limitations in North Carolina governing the time for the commencement of personal injury actions. In support of their position, Colonial contends that under Rule 15(c) of the Federal Rules of Civil Procedure an amended complaint which states a new claim will not relate back to the time of filing of the original complaint so as to defeat the statute of limitations. First, Colonial argues that the Amendment charges a violation of a different obligation in that the Amended Complaint is predicated on the negligent acts of Going and the imputation of this negligence to Colonial whereas the Amendment alleges negligent entrustment of the vehicle to Going. Secondly, Colonial contends that the negligence in question does not arise out of the same transaction in that the negligence alleged in the Amended Complaint would arise out of the accident whereas any negligence alleged in the Amendment would have arisen prior to the accident in relation to Going's alcoholism.

It is true that if the Plaintiffs' Amendment to the Amended Complaint is such that it cannot be held to relate back to the date of the original Complaint, it is barred by the three year statute of limitations. Therefore the issue for determination at this time is whether or not such Amendment relates back to the date of the original Complaint.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Rule 15(c) of the Federal Rules of Civil Procedure states in part:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

It is generally held that where an amendment to a complaint is allowed which does not introduce a new cause of action, the date of the commencement of the suit governs. Atlantic Seaboard Corporation v. Federal Power Commission, 201 F.2d 568 (4th Cir. 1953). Also, the general rule of relation back does not extend to amendments that add new causes of action. United States v. Northern Paiute Nation, 393 F.2d 786, 183 Ct.Cl. 321. Therefore, the general test under the Federal Rules is to determine whether or not the amendment presents a new cause of action.

At the outset, this Court has determined that under the standards announced in Hanna v. Plumer, 380 U.S.

460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), state procedural law is irrelevant when the matter is controlled by a valid Federal Rule. This is done because Rule 15(c) of the North Carolina Rules of Civil Procedure is more liberal in allowing amendments than the comparable Federal Rule. In North Carolina even a new cause of action can be said to relate back for amendment purposes. See Comment, Section (c) to Rule 15.

In fact, some of the Federal Courts have found the "cause of action doctrine" to be unduly restrictive in determining whether an amendment should be allowed under Rule 15(c). See Jackson v. Airways Parking Company, 297 F. Supp. 1366 (N.D.Ga.1969).

What this Court must do then is to formulate a test to see whether or not the negligent entrustment theory alleged in the Amendment relates back to the negligence by agency theory alleged in the Amended Complaint. Various tests have been applied.

(1) Similar evidence test: whether evidence tending to support the facts alleged could have been introduced under the former pleadings. Wisbey v. American Community Stores Corporation, 288 F.Supp. 728 (D.Ct.Neb.1968).

(2) Different matter test: whether the proposed amendment is a different matter or the same matter more fully or differently laid. Davis v. Yellow Cab Co., 35 F.R.D. 159 (E.D.Pa.1964).

(3) Same transaction test: when the claim arises out of the conduct, transaction, or occurrences set forth in the original pleadings the amendment relates back. See Flaherty v. United Engineers & Constructors, Inc., 213 F.Supp. 835 (E.D.Pa.1961) (held that assault and battery relates back to negligence theory since both speak to same accident).

(4) Closely related test: If the facts alleged in the amended pleadings so closely relate to the accident that they could be said to grow out of that occurrence they properly relate back. Wall v. C & O Railway Co., 339 F.2d 434 (4th Cir.

1964). This is the test applied by the Fourth Circuit.

(5) Substantial change test: unless there is a substantial change from the claim as originally alleged, the amendment will relate back. White v. Holland Furnace Co., 31 F.Supp. 32 (S.D.Ohio 1939).

■ This Court has considered all the above tests as applied to the facts in the instant case and feels the standards set by the Fourth Circuit, when used in relation to the wording of Rule 15(c), create the formula to apply. Therefore, it is the conclusion of this Court that if the facts alleged in the amended pleading so closely relate to the conduct, transaction, or occurrences surrounding the accident set forth in the original pleading that they could be held to arise out of that accident, then the claim asserted in the amended pleading relates back to the date of the original pleading.

■■ It is generally held that courts are given wide discretion in granting or refusing leave to amend a pleading after the first amendment, and their rulings will be disturbed only upon gross abuse. Heay v. Phillips, 201 F.2d 220, 14 Alaska 132 (9th Cir. 1952); See also, Davis v. Yellow Cab, *supra* 35 F.R.D. at 161. It is also held that Rule 15(c) should be applied liberally in allowing amendments. Wall v. C & O, *supra* 339 F.2d at 434 (liberal construction to which Plaintiff is entitled); Wisbey, *supra* 288 F.Supp. at 730 (liberal fashion); Williams v. United States, 405 F.2d 234 (5th Cir. 1968) (leave to amend should be given freely).

■ In accord with the liberal nature of Rule 15, and applying the above formula derived from a careful analysis of the various tests, this Court, in its discretion, feels that the Amendment to the Amended Complaint should be allowed to stand. The Plaintiffs' Amended Complaint was based on the negligence of Defendant Going and the imputation of this negligence to Colonial on an agency theory. Black's Law Dictionary defines

an "agent" as "a person authorized by another to act for him, one intrusted with another's business." The Amendment to the Amended Complaint alleges that Going was an alcoholic and that Colonial knew this and was guilty of negligent entrustment by letting him use their truck. Black's defines entrust (also intrust): "to deliver to another something in trust or to commit something to another with a certain confidence regarding his care, use or disposal of it."

In both theories the facts surrounding the accident are the same. Both theories are predicated on Colonial's letting Going use their vehicle. And Going's alcoholism, the basis of the Amendment, could also be a factor in the negligence at the time of the accident. In fact, the depositions and interrogatories show that the Plaintiffs considered this avenue of approach long before the Amendment was filed but had good cause to delay in such filing, and the Defendants certainly had notice that alcoholism could be a factor in the suit.

It has been held that although an Amendment must not introduce a cause of action substantially different, an alteration of the modes in which defendant has breached a legal duty or caused an injury is not an introduction of a new cause of action. Smith v. Piper Aircraft Corp., 18 F.R.D. 169 (M.D.Pa.1955). Also, as long as a plaintiff adheres to a legal duty breached or an injury originally declared on, an alteration of the modes in which defendant has breached the legal duty or caused the injury is not an introduction of a new cause of action. Davis v. Yellow Cab, *supra* 35 F.R.D. at 161. Corkin & Sons v. Tide Water Oil Co., 20 F. R.D. 402 (D.Mass.1957) allowed an amendment to set forth the tort of deceit when the original complaint was based on breach of contract.

The case of Overfield v. Pennroad Corporation, 39 F.Supp. 482 (E.D.Pa. 1941) helps the Court in deciding close cases involving the "new cause of action" question. *Overfield* stated,

"While the general rule precludes an amendment which seeks to introduce a new cause of action when the same is clearly barred by the statute of limitations, it would seem that in cases where the reasons for the rule are not applicable or where there is some doubt as to whether the cause is clearly barred, the rule should be liberally construed, and especially is this so where the defendant is put to no disadvantage."

After a thorough analysis of the factual situations and holdings of the above cases, this Court feels that the Plaintiffs have, at the most, changed legal theories in the instant case. They have certainly not raised a "new cause of action" under applicable law. And if there is any doubt as to this, this Court believes in liberally allowing amendments to complaints.

Therefore, this Court finds as a fact that the facts in the Amendment closely relate to the conduct, transaction, and occurrences set forth in the original pleading. All allegations are predicated on the facts surrounding the accident, and the Amendment is not a different matter, but the same matter more fully, though differently, laid.

The Defendants contend that it would be burdensome to now bring in evidence of alcoholism prior to the accident, and this makes the instant Amendment an unfair and different cause of action. Of course, this Court recognizes that certain rights of the Defendants must be protected, namely notice, possible prejudice, and the range of facts in the Defendants' knowledge.

It was held in Williams v. United States, *supra* 405 F.2d at 236, that notice clearly is the critical element involved in Rule 15(c) determinations. And Jackson v. Airways Parking, *supra* 297 F.Supp. at 1382 held:

"The point of Rule 15(c) is that it is fair to have an amended complaint re-

**588**

late back if the initial complaint put the defendant on notice that a certain range of matters was in controversy and the amended complaint falls within that range."

The Fourth Circuit holds that the Court should make sure that no prejudice or unfairness would result to the Defendant if the amendment was allowed. See Wall v. C & O, *supra* 339 F.2d at 434. It was stated in Heay v. Phillips, *supra* 201 F.2d at 222, that if each of the causes alleged is related to the same set of circumstances, and the relevant and competent facts were in the defendant's knowledge, the amended pleading would be allowed.

It appears to this Court that although the Plaintiffs' Amendment came after the three year statute of limitations had run, in all probability it was the Defendants' fault and not the Plaintiffs' that the Amendment was delayed. The Plaintiff requested the medical records of Going in January, 1971. It was not until this Court ordered that Defendants give Plaintiffs those records on October 2, 1972, that such was done. The Amendment in question is most likely a result of those records. It is also pointed out that in the deposition of Going dated November 16, 1970 and the interrogatories to Going filed January 13, 1971, although Plaintiffs inquired as to Going's alcoholism, no answers were given which would have led Plaintiffs to Amend at an earlier time. In fact, Going stated that he had not been treated for alcoholism by a doctor or at a hospital prior to the accident (dep. of Going, p. 38).

It appears to this Court that Defendants had notice of this case and all possible claims regarding the accident, including the alleged alcoholism of Going. Had the Defendants produced Going's medical records when requested, which was within the three year statute of limitation period, this problem would not be an issue now. Therefore, this Amendment would not be prejudicial or unfair to the Defendants as they had facts in their knowledge regarding the claims in the Amended Complaint and the Amendment to the Amended Complaint.

It being the conclusion of this Court (1) that the Amendment does not create a new cause of action and is so closely related to the facts and circumstances surrounding the conduct, transactions, and occurrences alleged in the Complaint and the Amended Complaint that it should relate back to the date of the original Complaint and (2) that the Defendants are not prejudiced nor deprived of notice or any other rights in this action, it is adjudged that the Amendment to the Amended Complaint should be allowed.

Nor will a continuance be granted to the Defendants in the instant case. It was stated in Heay v. Phillips, *supra* 201 F.2d at 222,

"While it is true that any substantial amendment which operates as a surprise to the opposite party may constitute a basis for granting a continuance, the granting of a continuance is not a matter of right, but is always within the discretion of the court."

In the case at bar, the Defendants cannot be said to be surprised at the allegations in the Amendment.

Now therefore, in accordance with the foregoing, it is

Ordered, that the Defendants' motion to dismiss the Amendment to the Amended Complaint be, and the same is, hereby denied, and

Further ordered, that the Defendants' alternative motion for summary judgment be, and the same is, hereby denied, and

Further ordered, that the Plaintiffs' Amendment to the Amended Complaint is allowed, and

Further ordered, that the trial of this case proceed as scheduled, and

Further ordered, that the Clerk shall serve copies of this order upon Counsel of Record.

Let this order be entered forthwith.