**Peter J. BRENNAN, Secretary of Labor, United States Department of Labor, Plaintiff,**

**v.**

**TAR HEEL HOME SUPPLY, INC. d/b/a Tar Heel Roofing and Siding Contractors, and W. Lee Miles, Individually, Defendants.**

**Civ. No. 786.**

United States District Court, D. North Carolina, Washington Division.

Feb. 8, 1974.

5. The *Hanian* plaintiffs and plaintiffs in this action also have identical counsel.

Beverley R. Worrell, Regional Solicitor, U.S. Dept. of Labor, by Ronald M. Gaswirth, Attorney, Atlanta, for plaintiff.

James T. Cheatham, of Everett & Cheatham, Greenville, N.C., Marvin D. Musselwhite, Jr., of Poyner, Geraghty, Hartsfield & Townsend, Raleigh, N.C., for defendants.

## MEMORANDUM OPINION AND ORDER

LARKINS, District Judge:

This is an action to enjoin the defendants from violating the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. Specifically, the defendants are charged under Sections 15(a)(2) and 15(a)(5) of the Act for violating minimum wage and overtime payments to employees. Originally, other defendants, Tar Heel Roofing and Siding, Inc. and Phillip K. Flowers, individually, were parties to the suit. However, the Complaint against them was dismissed on October 23, 1973.

A pre-trial conference was held in Washington, North Carolina on November 5, 1973, at which time the plaintiffs moved to amend their complaint to include "willfulness" in the action charged. The defendants have opposed this motion, and the cause is now ready for determination.

Paragraph IX of plaintiff's original complaint alleged that the defendants had violated the Fair Labor Standards Act. 29 U.S.C. § 255 provides in part:

"Any action commenced on or after May 14, 1947, to enforce any cause of

action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labors Standards Act of 1938, as amended,
. . .

(a) if the cause of action accrues on or after May 14, 1947—may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued."

The clause allowing a 3 year statute of limitations for willful violations became effective in 1967. Plaintiff wishes to amend the complaint to include "willfully violated" so that the 3 year limitation will apply in the instant case. The original complaint was filed on February 15, 1973, thereby allowing compensation only from February 15, 1971 to the present. If the amendment is not allowed, recovery is limited to the dates from February 15, 1971 to the present. If the amendment is allowed, but not held to relate back to the original complaint, claims can go back to November 5, 1970 (3 years prior to the filing of the motion in question). If the amendment is allowed and is held to relate back, then claims can include the dates February 15, 1970 to the present.

It is the plaintiff's contention that the amended complaint relates back to the date of the filing of the original complaint under Rule 15(c) of the Federal Rules of Civil Procedure in that it arises out of the same conduct, transaction, or occurrence set forth in the original pleading. Plaintiff states that the theory of the case remains unchanged and that the only purpose of the amendment is to increase the time period in which recovery of back wages is sought. Plaintiff asserts the amendment was made in good faith and notes surprise that it was omitted from the complaint.

The defendants strongly oppose the motion to amend contending that plaintiff is attempting to change its cause of action and to proceed on a new theory. Defendants argue that plaintiff had sufficient opportunity to state the new claim, that no new facts have arisen, that such an amendment would be prejudicial to them, and that the plaintiff's good faith is contested. Defendants further argue that if the amendment is allowed, it should not be held to relate back to the date of the original complaint as it presents an entirely new claim.

## CONCLUSIONS OF LAW

■■■ Under Rule 15(a), Amended or Supplemental Pleadings, the plaintiff may only amend its complaint by leave of court, and leave shall be freely given when justice so requires. Rule 15(c) provides in part:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

It is generally held that where an amendment to a complaint is allowed which does not introduce a new cause of action, the date of the commencement of the suit governs. Atlantic Seaboard Corporation v. Federal Power Commission, 201 F.2d 568 (4th Cir. 1953). Also, the general rule of relation back does not extend to amendments that add new causes of action. United States v. Northern Paiute Nation, 393 F.2d 786, 183 Ct.Cl. 321. Therefore, the general test under the Federal Rules is to determine whether or not the amendment presents a new cause of action.

This Court has recently had an opportunity to do extensive research in the field of relation back amendments. See

Humphries v. Going, 59 F.R.D. 583 (E. D.N.C.1973). There it was held:

" . . . if the facts alleged in the amended pleading so closely relate to the conduct, transaction, or occurrences surrounding the [incidents] set forth in the original pleading that they could be held to arise out of that [incident], then the claim asserted in the amended pleading relates back to the date of the original pleading."

■■ It is generally held that courts are given wide discretion in granting or refusing leave to amend a pleading after the first amendment, and their rulings will be disturbed only upon gross abuse. Heay v. Phillips, 201 F.2d 220, 14 Alaska 132 (9th Cir. 1952); see also Davis v. Yellow Cab, 35 F.R.D. 159 (E.D.Pa. 1964). It is also held that Rule 15(c) should be applied liberally in allowing amendments. Wall v. C & O Railway Co. 339 F.2d 434 (4th Cir. 1964) (liberal construction to which plaintiff is entitled); Wisbey v. American Community Stores Corporation, 288 F.Supp. 728 (D.C.Neb. 1968) (liberal fashion); Williams v. United States, 405 F.2d 234 (5th Cir. 1968) (leave to amend should be given freely).

■ In accord with the liberal nature of Rule 15 and this Court's application of the rule in the *Humphries* case, this Court, in its discretion, feels that the plaintiff's motion to amend should be allowed. The plaintiff's complaint is based on an alleged violation of the Labor Laws involving minimum wage and overtime payments and the defendants' alleged failure to keep accurate and correct records of their employees. The amendment would merely classify the defendants' conduct as "willful" but in no way would affect the proof of whether the defendants in fact violated the act. The conduct, transactions, and occurrences surrounding the alleged actions in the complaint and in the proposed amended complaint would be the same. Therefore, the amended complaint should be held to relate back to the date of the original complaint.

■■ It has been held that although an Amendment must not introduce a cause of action substantially different, an alteration of the modes in which defendant has breached a legal duty or caused an injury is not an introduction of a new cause of action. Smith v. Piper Aircraft Corp., 18 F.R.D. 169 (M.D. Pa.1955). Also, as long as a plaintiff adheres to a legal duty breached or an injury originally declared on, an alteration of the modes in which defendant has breached the legal duty or caused the injury is not an introduction of a new cause of action. Davis v. Yellow Cab, supra at 161 of 35 F.R.D. Corkin & Sons v. Tide Water Oil Co., 20 F.R.D. 402 (D.Mass.1957), allowed an amendment to set forth the tort of deceit when the original complaint was based on breach of contract.

This Court does not feel the Government has changed its theory or altered the mode in which it alleges defendants breached a legal duty, although such would be allowable under the above cases. Plaintiff has certainly not raised a new cause of action under applicable law.

The case of Wisbey v. American Community Stores Corp., supra at 731 of 288 F.Supp., dealt with a problem similar to the one at bar. There it was found:

" . . . There was no difference in the facts plead, but only that the plaintiff claimed a willful violation for a period of time antedating two years from which the original complaint had been commenced. . . . it is obviously more difficult to show a willful violation as opposed to any type of violation, willful or not. It would thus appear that the 'claim * * * arose out of the conduct, transaction, or occurrence set forth * * * in the original pleading. * * *' That the conduct need be willful under one statutory provision and need not be willful under another statutory provision, does not necessarily change the conduct itself, for it may have all been willful, despite the

fact that there need be no showing of intent under the applicable statutes. There is nothing to indicate that the conduct, if any, that will show a willful violation is in any way different than the conduct, if any, that will show a nonwillful violation, be it inadvertent or otherwise."

It was held in Williams v. United States, supra at 236 of 405 F.2d that notice clearly is the critical element involved in Rule 15(c) determinations. And Jackson v. Airways Parking Co., 297 F.Supp. 1366 (N.D.Ga.1969), held:

"The point of Rule 15(c) is that it is fair to have an amended complaint relate back if the initial complaint put the defendant on notice that a certain range of matters was in controversy and the amended complaint falls within that range."

The Fourth Circuit holds that the Court should make sure that no prejudice or unfairness would result to the defendant if the amendment were allowed. See Wall v. C & O, supra. It was held in Heay v. Phillips, supra, that if each of the causes alleged is related to the same set of circumstances, and the relevant and competent facts were in the defendant's knowledge, the amended pleading would be allowed.

■ It appears to this Court that the amended complaint will not prejudice or harm the defendants. Discussing the three year statute of limitations amendment for willful conduct, it was held in Writz v. Handy, 279 F.Supp. 264 (S.D. Fla.1967) that:

"The amendment does not impose any new sanction nor create any new right with respect to the minimum wage and overtime requirements of the Act. The amendment affects the remedy, not the right. . . . Whether the recovery, if any, is limited to two years or three will depend upon proof at trial of the cause."

Nor does it appear that the defendants did not receive adequate notice of this claim. The elements constituting a violation of the Act remain the same, a willful intent on the part of defendants being the only thing added. Finally, it does not seem that the Government was purposely tardy in filing the motion at bar. To leave "willfully" out of the complaint appears to have been a mistake only, and by adding that element, only the remedy of recovery is affected.

It is the conclusion of this Court that the amended complaint should be allowed to be filed, and the facts therein alleged relate so closely to the conduct, transactions, and occurrences set forth in the original pleading, that the amended complaint should relate back to the date of the original pleading. The facts before the Court show that the defendants have had ample notice of this new allegation and that allowing said motion will neither prejudice nor be unfair to them.