**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KEVIN DO; LUE LEE; TATA INSIXIENGMAY-TRAN; POLLY LUANGAPHAY, on behalf of themselves and all similarly situated, | No. 15-56837 <br><br> D.C. No. 2:14-cv-07608-SVW-AJW |
| Plaintiffs-Appellants, | MEMORANDUM[*] |
| v. | |
| FIRST FINANCIAL SECURITY, INC., | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted May 12, 2017[**]
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: CLIFTON and FRIEDLAND, Circuit Judges, and DONATO,[***] District Judge.

Plaintiffs Kevin Do, Lue Lee, Tata Insixiengmay-Tran, and Polly Luangaphay appeal the district court's order dismissing their second amended class action complaint against Defendant First Financial Security, Inc. (First Financial) with prejudice for failure to establish subject-matter jurisdiction under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d). We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand for further proceedings with instructions to grant Plaintiffs leave to amend.

1. The district court did not err by dismissing the complaint for failure to satisfy CAFA's amount-in-controversy requirement. As the district court correctly held, the complaint made no allegations connecting the withheld commissions for Gilles Moua's sales network to the claims of the individual class members. *See* 28 U.S.C. § 1332(d)(6) (requiring the party invoking subject-matter jurisdiction under CAFA to establish that the aggregate "claims of the individual class members . . . exceed[] the sum or value of $5,000,000, exclusive of interest and costs").

2. The district court abused its discretion by denying Plaintiffs leave to amend, for three reasons.

---

[***] The Honorable James Donato, United States District Judge for the Northern District of California, sitting by designation.

First, amendment is not futile. In general, "[d]ismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). The record suggests that, if given leave to amend, Plaintiffs could plausibly allege that (1) there were approximately 360 sales contractors within Moua's sales network who were eligible to receive commissions; (2) the withheld commissions to these 360 sales contractors exceed $12 million; (3) these 360 sales contractors are the same sales contractors as the approximately 360 individual class members in this action; and (4) therefore, the withheld commissions for the individual class members exceed $12 million. If true, these allegations would satisfy CAFA's amount-in-controversy requirement.

Second, the district court dismissed the complaint *sua sponte* on two grounds not raised by First Financial: (1) Plaintiffs' amount-in-controversy allegations were facially deficient, and (2) Plaintiffs' class action allegations failed to satisfy Local Rule 23-2.2's class definition pleading requirements. Because neither ground was raised by First Financial, the district court should have provided Plaintiffs with leave to amend to correct the alleged deficiencies in their amount-in-controversy and class action allegations. *See Jewel v. NSA*, 673 F.3d

902, 907 n.3 (9th Cir. 2011) (holding that the district court erred in denying leave to amend where it "sua sponte dismissed the complaint on standing grounds" without providing the plaintiff with "an opportunity to remedy any perceived defects in the complaint" (quoting *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1034 (9th Cir. 2008))).

Third, and relatedly, the district court appears to have erred in holding that Plaintiffs' class action allegations failed to satisfy Local Rule 23-2.2's class definition pleading requirements. *See United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc) (holding that the district court abuses its discretion when it commits legal error). Regarding class definitions, Local Rule 23-2.2 requires only that class action plaintiffs allege "[t]he definition of the proposed class" and "[t]he size (or approximate size) of the proposed class." C.D. Cal. L.R. 23-2.2(a)-(b). Plaintiffs alleged that their class action consisted of former First Financial sales contractors who resigned from the company on and after May 10, 2014, including one subclass consisting of approximately 260 sales contractors who entered into and performed their employment contracts within California, and a second subclass consisting of approximately 100 sales contractors who entered into and performed their employment contracts outside California. These

4

allegations appear sufficient to satisfy Local Rule 23-2.2's class definition pleading requirements.

In determining that the district court erred by denying leave to amend, we reject First Financial's argument that Plaintiffs "repeatedly" failed to allege subject-matter jurisdiction. Plaintiffs filed only two complaints attempting to allege subject-matter jurisdiction under CAFA, and, as explained above, the district court dismissed the second of these two complaints *sua sponte* on grounds not raised by First Financial. Plaintiffs appear able to cure the deficiencies identified in one of these grounds, and the other ground appears to be legally erroneous. Plaintiffs are therefore entitled to leave to amend.

3.      We decline to summarily affirm the district court based on Plaintiffs' alleged failure to prepare an adequate record on appeal. Even assuming that Plaintiffs' record was inadequate under the Ninth Circuit rules, the minor violation is insufficient to satisfy our court's high bar for summary affirmance. *See In re O'Brien*, 312 F.3d 1135, 1136-37 (9th Cir. 2002) (summarily dismissing appeal when the appellant's violations of the Federal Rules of Appellate Procedure and the Ninth Circuit rules were "legion" (quoting *N/S Corp. v. Liberty Mut. Ins. Co.*, 127 F.3d 1145, 1146 (9th Cir. 1997))).

Each party shall bear its own costs.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

No. 15-56837, *Do v. First Financial Security*

DONATO, District Judge, dissenting in part:

I agree that the district court properly dismissed the second amended complaint for failure to adequately allege an amount in controversy sufficient for CAFA purposes. But I part company with the majority on remanding the case to give plaintiffs another try at establishing jurisdiction.

We have long held that the district court enjoys "wide discretion in granting or refusing leave to amend after the first amendment, and only upon gross abuse will [its] rulings be disturbed." *Rich v. Shrader*, 823 F.3d 1205, 1209 (9th Cir. 2016) (quoting *Heay v. Phillips*, 201 F.2d 220, 222 (9th Cir. 1952)). The rule fits this case to perfection, and I would affirm the dismissal with prejudice as a reasoned and reasonable exercise of the district court's discretion.

The majority follows other cases holding that dismissal with prejudice might be too hasty in certain circumstances. But the record before us clearly shows that a peremptory dismissal did not happen here. The parties disputed the amount in controversy under CAFA through multiple rounds of motions and court orders. Plaintiffs originally alleged diversity jurisdiction, which the district court found to be improper. Plaintiffs then invoked CAFA jurisdiction, and the district court gave plaintiffs the opportunity to amend their complaint to allege an amount in

controversy sufficient for that. Plaintiffs made the barest of efforts to establish CAFA jurisdiction, and defendant moved to dismiss on the amount in controversy, among other grounds. The district court gave plaintiffs another opportunity to amend in the course of an order that expressly addressed how the amount-in-controversy allegations were deficient. Plaintiffs filed a second amended complaint, which defendant moved to dismiss for failure to cure the amount-in-controversy pleading deficiencies the court had already identified in its prior dismissal order. The district court dismissed the second amended complaint with prejudice in light of the repeated pleading failure. On this record, plaintiffs cannot credibly claim they were in any way surprised or unfairly treated by the dismissal order.

These facts distinguish this case from *Eminence Capital LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003), which the majority cites for remand. They also establish that the district court's dismissal here was not *sua sponte* in any meaningful way, and even if it were, I find *Jewel v. NSA*, 673 F.3d 902, 907 n.3 (9th Cir. 2011), to be inapplicable, because that case too did not involve a repeated failure to cure a deficiency expressly identified by the district court. In addition, I do not find that the district court erred in holding that plaintiffs' cursory second amended complaint failed to meet the pleading requirements of the Central

2

District's local rules. Dismissal was all the more appropriate in light of plaintiffs' pattern of untimely filings, uncooperative conduct and refusal to follow the rules.

I would affirm the district court.