DONATO, District Judge,
dissenting in part:
I agree that the district court properly dismissed the second amended complaint for failure to adequately allege an amount in controversy sufficient for CAFA purposes. But I part company with the majority on remanding the case to give plaintiffs another try at establishing jurisdiction.
We have long held that the district court enjoys “wide discretion in granting or refusing leave to amend after the first amendment, and only upon gross abuse will [its] rulings be disturbed.” Rich v. Shrader, 823 F.3d 1205, 1209 (9th Cir. 2016) (quoting Heay v. Phillips, 201 F.2d 220, 222 (9th Cir. 1952)). The rule fits this case to perfection, and I would affirm the dismissal with prejudice as a reasoned and reasonable exercise of the district court’s discretion.
The majority follows other cases holding that dismissal with prejudice might be too hasty in certain circumstances. But the record before us clearly shows that a peremptory dismissal did not happen here. The parties disputed the amount in controversy under CAFA through multiple rounds of motions and court orders. Plaintiffs originally alleged diversity jurisdiction, which the district court found to be improper. Plaintiffs then invoked CAFA jurisdiction, and the district court gave *485 plaintiffs the opportunity to amend their complaint to allege an amount in controversy sufficient for that. Plaintiffs made the barest of efforts to establish CAFA jurisdiction, and defendant moved to dismiss on the amount in controversy, among other grounds. The district court gave plaintiffs another opportunity to amend in the course of an order that expressly addressed how the amount-in-controversy allegations were deficient. Plaintiffs filed a second amended complaint, which defendant moved to dismiss for failure to cure the amount-in-controversy pleading deficiencies the court had already identified in its prior dismissal order. The district court dismissed the second amended complaint with prejudice in light of the repeated pleading failure. On this record, plaintiffs cannot credibly claim they were in any way surprised or unfairly treated by the dismissal order.
These facts distinguish this case from Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048 (9th Cir. 2003), which the majority cites for remand. They also establish that the district court’s dismissal here was not sua sponte in any meaningful way, and even if it were, I find Jewel v. NSA, 673 F.3d 902, 907 n.3 (9th Cir. 2011), to be inapplicable, because that case too did not involve a repeated failure to cure a deficiency expressly identified by the district court. In addition, I do not find that the district court erred in holding that plaintiffs’ cursory second amended complaint failed to meet the pleading requirements of the Central District’s local rules. Dismissal was all the more appropriate in light of plaintiffs’ pattern of untimely filings, uncooperative conduct and refusal to follow the rules.
I would affirm the district court.