**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 11 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

YEMA KHALIF, *et al.*,

        Plaintiffs-Appellants,

v.

CITY OF BELVEDERE, *et al.*,

        Defendants-Appellees.

No.   23-15919

D.C. No. 4:22-cv-04097-YGR

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Argued and Submitted August 22, 2022
San Francisco, California

Before: BRESS and VANDYKE, Circuit Judges, and LASNIK,[**] District Judge.

Yema Khalif and Hawi Awash appeal the dismissal of their federal civil

rights claims against the City of Belvedere, the Belvedere Police Department, and

Officer Jeremy Clark, arguing that the district court erred (a) by failing to consider

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

whether the facts alleged gave rise to a plausible claim for relief under 42 U.S.C. § 1985(3), (b) by dismissing plaintiffs' claims for damages under 42 U.S.C. § 1983, and (c) by denying plaintiffs leave to amend their complaint. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Plaintiffs are Black and own an upscale boutique clothing store in Tiburon, California. At approximately 1:00 a.m. on August 21, 2020, Officer Isaac Madfes of the Tiburon Police Department[1] saw people in the store and made contact.[2] When Khalif unlocked the door, Officer Madfes requested that he identify the occupants and explain their presence. Khalif assured the officer that there was no problem, but he declined to provide any other information. Officer Madfes was not satisfied, and Khalif demanded that Officer Madfes call his supervisor.

Approximately four minutes into the confrontation, Officer Clark and Officer Madfes' supervisor arrived at the scene. Officer Clark positioned himself a few feet to the left of the store entrance, allegedly with his hand on the handle of his service revolver. The Tiburon officers continued to insist that plaintiffs identify themselves and explain why they were in the store at 1:00 a.m. in the morning.

---

[1] Plaintiffs resolved their claims against the Tiburon officers and the City of Tiburon prior to filing this lawsuit.

[2] The Third Amended Complaint references and relies upon video from Officer Madfes' body camera when describing the confrontation between Plaintiffs and the officers. The district court properly incorporated the video by reference. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

When Khalif stated that he owned the store, the Tiburon officers asked him to prove it by using his key to unlock the door. Officer Clark did not say anything throughout the encounter. Plaintiffs allege that Officer Clark knew who they were and could have ended the confrontation at any time. Plaintiffs also allege that when Khalif reached into his pocket to retrieve his keys, it appeared that Officer Clark began to remove his gun from its holster. The confrontation ended approximately 9 minutes and 30 seconds after it began when a White neighbor identified Khalif as the owner of the store.

(a) The § 1985(3) claim was not sufficiently pled and cannot proceed. The Third Amended Complaint's bald allegations that, prior to the incident at issue, Officer Clark planned with the Tiburon officers to harass and intimidate plaintiffs on account of their race are no more than a "'formulaic recitation of the elements'" of a conspiracy claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The only other relevant fact alleged is that Officer Clark already knew plaintiffs by name and as owners of the store. This allegation, which is itself insufficiently pleaded, shows no more than that Officer Clark could have interrupted Officer Madfes' ongoing interrogation to share what he knew but chose not to do so. No facts suggest that this choice was the result of a prior agreement as opposed to deference to another officer's lead in an investigation. Plaintiffs'

3

unsupported allegations that Officer Clark's conduct was part of a conspiracy are insufficient to withstand a motion to dismiss.

(b) Plaintiffs' § 1983 claim is based on allegations that Officer Clark deprived them of their rights under the Fourth Amendment and/or the Equal Protection Clause of the Fourteenth Amendment by detaining them or failing to stop their detention and interrogation on account of their race. In the absence of a viable conspiracy allegation, Plaintiffs have not alleged that Officer Clark had anything to do with the initial decision to engage with Plaintiffs, and there was nothing alleged about Officer Clark's actions that suggest he was engaged in a racially-motivated investigation. In the absence of allegations giving rise to a plausible inference that Officer Clark interrupts on-going investigations if the subject is White or that he was an integral part of Officer Madfes' alleged constitutional violations, *see Peck v. Montoya*, 51 F.4th 877, 889 (9th Cir. 2022), no plausible inference of discriminatory motive on Officer Clark's part arises from the circumstances alleged.

Plaintiffs also alleged that they were subjected to an unlawful seizure under the Fourth Amendment and that Officer Clark prolonged the seizure by placing his hand on, and possibly unholstering, his gun. Even assuming plaintiffs preserved this claim in the district court, the claim fails. Plaintiffs have not alleged either physical restraint or their submission to a show of authority, *California v. Hodari*

4

*D.*, 499 U.S. 621, 625–27 (1991), and have therefore failed to raise a plausible inference that they were seized. Nor have they alleged facts suggesting that Officer Clark's 5 ½ minute encounter with plaintiffs lasted longer than was necessary to effectuate the purpose of the investigatory stop. *Florida v. Royer*, 460 U.S. 491, 500 (1983).[3]

(c) The district court did not abuse its discretion in denying leave to file an amended complaint. "[W]hen the district court has already afforded a plaintiff an opportunity to amend the complaint, it has 'wide discretion in granting or refusing leave to amend after the first amendment, and only upon gross abuse will [its] rulings be disturbed.'" *Rich v. Shrader*, 823 F.3d 1205, 1209 (9th Cir. 2016) (quoting *Heay v. Phillips*, 201 F.2d 220, 222 (9th Cir. 1952)). Given Plaintiffs' failure to correct deficiencies through their prior amendments, the district court's denial of leave to amend was not an abuse of discretion.

**AFFIRMED.**

---

[3] Having failed to adequately allege that Officer Clark inflicted constitutional harm, plaintiffs' claims against the City of Belvedere and the Belvedere Police Department were properly dismissed. *City of L.A. v. Heller*, 475 U.S. 796, 799 (1986); *Lockett v. Cnty. of L.A.*, 977 F.3d 737, 741 (9th Cir. 2020).