NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 23 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MINDY PECHENUK,

       Plaintiff - Appellant,

  v.

COUNTY OF ALAMEDA; TIM
DUPUIS; CYNTHIA CORNEJO; NATE
MILEY; KEITH CARSON; DAVID
HAUBERT; SUSAN
MURANISHI; DONNA
ZIEGLER; SHIRLEY WEBER,

       Defendants - Appellees.

No. 24-756

D.C. No.
3:23-cv-04028-SK

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Sallie Kim, Magistrate Judge, Presiding

Submitted July 14, 2025**

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

---

    \* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Mindy Pechenuk appeals pro se from the district court's order dismissing with prejudice her 42 U.S.C. § 1985(3) action alleging that various state and county officials violated her civil rights in connection with her efforts to observe ballot procedures during the November 2022 election cycle. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), *Prodanova v. H.C. Wainwright & Co., LLC*, 993 F.3d 1097, 1105 (9th Cir. 2021), and review for abuse of discretion the district court's decision to decline leave to amend, *Benavidez v. County of San Diego*, 993 F.3d 1134, 1141–42 (9th Cir. 2021). We "may affirm the dismissal upon any basis fairly supported by the record." *Burgert v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000).

The district court properly dismissed the amended complaint because the pleading does not allege specific facts to plausibly "support the existence of the claimed conspiracy." *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 929 (9th Cir. 2004). The district court did not abuse its discretion by denying leave to amend. *See Rich v. Shrader*, 823 F.3d 1205, 1209 (9th Cir. 2016) (" [W]hen the district court has already afforded a plaintiff an opportunity to amend the complaint, it has 'wide discretion in granting or refusing leave to amend after the first amendment.'" (quoting *Heay v. Phillips*, 201 F.2d 220, 222 (9th Cir. 1952))).

**AFFIRMED.**